■ In the Matter of RALPH V., Respondent, v ANDREW M., Appellant. — In a custody proceeding, the father appeals from an order of the Family Court, Richmond County (Meyer, J.), dated October 22, 1980, which, after a hearing, awarded custody of the children in question to petitioner. Order affirmed, without costs or disbursements. In this proceeding petitioner seeks custody of Andrew and Michelle, the children of his late sister. The petition alleges that the children's stepmother has subjected Andrew to physical abuse. In support of this allegation, both children testified that their stepmother inflicted constant physical punishment on Andrew over a two-year period. In response

to these accusations, their father and their stepmother denied ever inflicting such punishment on Andrew beyond normal discipline. After a temporary visit with their uncle, the children have steadfastly refused to return home to their father and stepmother. The Family Court credited the testimony of the children and awarded custody to the petitioner. We agree with the Family Court that this situation constitutes an "extraordinary circumstance" as enunciated in *Matter of Bennett v Jeffreys* (40 NY2d 543; see, also, *Matter of Dickson v Lascaris,* 53 NY2d 204). Thus, the court may proceed to determine the best interests of the child (see *Matter of Bennett v Jeffreys, supra,* p 548). Due to the strong preference of these children (date of birth Feb. 16, 1967), which was correctly given consideration by the Family Court (see, e.g., *Bergson v Bergson,* 68 AD2d 931; *Matter of Mouscardy v Mouscardy,* 63 AD2d 973) and the potential harm which may be inflicted on the children should they remain with their father, the best interests of the children would be served by awarding custody to the uncle. Accordingly, the Family Court's decision was supported by a sound and substantial basis in the record and should be upheld (see *Matter of Darlene T.,* 28 NY2d 391). Lazer, J. P., Rabin, Cohalan and Margett, JJ., concur.