■ In the Matter of NEIL Dow, Appellant, v TRACEY J. Dow, Respondent. [761 NYS2d 682] —In a child custody proceeding

pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Bivona, J.), entered February 6, 2002, which, after a hearing, inter alia, denied his petition to modify an order of the same court, dated October 15, 1997, awarding the mother custody of the parties' child, and dismissed the proceeding.

Ordered that the order is reversed, on the law and as a matter of discretion, with one bill of costs, the petition is granted, and the matter is remitted to Family Court, Orange County, for the purpose of holding a hearing to establish an appropriate visitation schedule for the mother; and it is further,

Ordered that the mother shall have visitation on alternate weekends from Friday at 6:00 P.M. until Sunday at 7:00 P.M., or other times as the parties agree, pending further order of the Family Court, Orange County.

It is well settled that in determining the issue of parental custody of a child, the primary concern is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the child (see Eschbach v Eschbach, supra). Among the factors to be considered in making a custody determination are "the parental guidance the custodial parent provides for the child; the ability of each parent to provide for the child's emotional and intellectual development; the financial status and ability of each parent to provide for the child [and] the overall relative fitness of the parties" (Matter of Rosiana C. v Pierre S., 191 AD2d 432, 434 [1993]).

While this Court ordinarily accords great deference to the Family Court's factual findings, such deference is not warranted here since the Family's Court determination is not supported by a sound and substantial basis in the record (see Miller v Pipia, 297 AD2d 362, 364 [2002]; Matter of Rosiana C. v Pierre S., supra at 433; Skolnick v Skolnick, 142 AD2d 570 [1988]).

On appeal, both the father and the Law Guardian correctly contend that the evidence at the hearing demonstrated that the child has severe behavioral problems which result from the mother's inability to provide a stable home environment for the child. Specifically, the child's second- and third-grade teachers testified, inter alia, that the child had behavioral problems and failed to complete his homework, which adversely affected his school performance. In addition, the mother changed her residence four times and moved the child to three different

schools during a 4½-year period. In contrast, the father has maintained the same residence during such period. Moreover, the evidence demonstrated that the mother failed to obtain adequate medical treatment for the child, who was diagnosed with impetigo on his face. Further, during the Family Court's in camera interview with the then eight-year-old child, the child indicated that he preferred to live with the father.

Accordingly, we reverse and award custody to the father. The matter is remitted to Family Court, Orange County, to set an appropriate visitation schedule for the mother. The mother shall have visitation on alternate weekends pending further order of the Family Court. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.