■ In the Matter of CHRISTOPHER D. GONZALEZ, Respondent, v MAYRA M. GONZALEZ, Appellant. [791 NYS2d 562]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Guarino, J.), entered December 18, 2003, which, after a hearing, granted the father's petition for modification of custody, awarded custody of the parties' children to him, and, in effect, granted him permission to relocate to Virginia.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is denied, and the matter is remitted to Family Court, Westchester County, for further proceedings consistent herewith, including a hearing and new determination; and it is further,

Ordered that pending the new determination, the father shall retain custody of the children.

The father testified, inter alia, that he was disabled and lived in a one-bedroom apartment with the "children's godparent." Although the father testified that he would obtain federal section 8 housing assistance (see 42 USC § 1437f) if he was granted custody of the parties' 11, 13, and 15-year-old sons, he also testified that he would move the children to a five-bedroom house where he was raised in Virginia to provide a more stable environment for them if he were unsuccessful in obtaining such housing in New York. Further, the father testified, inter alia, that he was twice incarcerated as a result of his wilful violation of prior court child support orders.

In contrast, the mother testified, inter alia, that she was employed and that she had been the custodial parent for the past 13 years. The mother also testified that she made efforts to obtain therapy and other services for the two older children as a result of their disciplinary problems. The oldest child, who suffered from type II diabetes, was diagnosed with Attention Deficit Disorder, and the middle child was diagnosed with Attention Deficit Hyperactive Disorder. In addition, the mother testified that she placed the middle child in a residential placement facility after he was truant from school and disappeared from home for extended periods of time. Further, the mother testified that the youngest child was a model student, and that she was attempting to place him in a private school.

All three children testified in open court at the fact-finding hearing. The two older children testified, inter alia, that they wished to live with their father, while the youngest child did not indicate a preference to live with either parent. However, the youngest child indicated that he wished to live with his two older brothers.

At the conclusion of the fact-finding hearing, the Family Court awarded custody of the children to the father, and, in effect, granted him permission to relocate to Virginia.

It is well settled that all custody determinations must be made in the best interests of the child (see *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Dow v Dow,* 306 AD2d 529, 530 [2003]; *Miller v Pipia,* 297 AD2d 362, 364 [2002]). However, modification of an existing custody arrangement will be granted only upon a showing that modification is necessary to ensure the continued best interests of the child (see *Eschbach v Eschbach, supra* at 171; *Matter of Dow v Dow, supra* at 530). Among the factors to consider in making a custody determination are "the parental guidance the custodial parent provides for the child; the ability of each parent to provide for the child's emotional and intellectual development; the financial status and ability of each parent to provide for the child [and] the overall relative fitness of the parties" (*Matter of Rosiana C. v Pierre S.,* 191 AD2d 432, 434 [1993]).

Although the determination of a hearing court is accorded great deference on appeal (see *Eschbach v Eschbach, supra* at 173-174; *Matter of Gago v Acevedo,* 214 AD2d 565 [1995]), such deference is not warranted as the determination herein was not supported by a sound and substantial basis in the record (see *Matter of Dow v Dow, supra* at 530; *Miller v Pipia, supra* at 364; *Matter of Rosiana C. v Pierre S., supra* at 433).

While the two oldest children testified that they wished to live with their father, such testimony was a factor to be considered and was not determinative (see *Eschbach v Eschbach, supra* at 173-174). In addition, the fact that the two older children testified that the mother yelled at them, and the oldest child testified that the mother hit him on a particular occasion, was an insufficient basis to award custody to the father (see *Matter of Williams v Williams,* 188 AD2d 906, 908 [1992]). Further, the Family Court erred in precluding the mother from offering testimony regarding past instances of emotional and physical abuse by the father, since the relative fitness of the parties is among the factors to be considered in making a custody determination (see *Eschbach v Eschbach, supra*).

Moreover, while forensic evaluations may not be necessary in

all custody determinations (*see Stern v Stern,* 225 AD2d 540 [1996]), the Family Court should have ordered such evaluations under the circumstances presented.

Lastly, the Family Court erred in granting, in effect, the father permission to relocate the children to Virginia without conducting a sufficient inquiry to determine whether it was in the best interests of the children (*cf. Matter of Tropea v Tropea,* 87 NY2d 727 [1996]).

Accordingly, we remit the matter to Family Court, Westchester County, for a hearing and a new determination. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.