■ In the Matter of THOMAS O'CONNOR, Appellant, v LISA DYER, Respondent. [795 NYS2d 686]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from so much of an order of the Family Court, Dutchess County (Forman, J.), entered March 12, 2004, as denied that branch of his petition which was to change residential custody of the parties' minor son.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petition is granted to the extent that residential custody of the parties' minor son is transferred to the father, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith.

While the custody determination of a hearing court should not be set aside lightly (see Matter of Gonzalez v Gonzalez, 15 AD3d 481 [2005]), the record presents circumstances which warranted a modification of the existing custody arrangement. It is clear that the parties' 17-year-old son has a very strained and unfriendly relationship with the mother's present husband, as did his older brother. The hostility between the boys and the mother's husband, a strict disciplinarian and the controlling influence in the mother's household, resulted in occasional violent episodes. The parties' older son moved in with his father after one such episode in October 2002. The younger son has been increasingly defiant, unhappy, and distant from his mother as a result of these incidents. A subsequent incident between the younger son and the mother resulted in a call to the police.

All custody determinations must be made in the best interest of the child (see Matter of Gonzalez v Gonzalez, supra). Such determinations require an inquiry into the emotional, intellectual, physical, and social needs of the child, as well as the child's preferences (see Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117 [1990]). "While the express wishes of children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (id.; see Matter of Kocowicz v Kocowicz, 306 AD2d 285 [2003]; Kavanakudiyil v Kavanakudiyil, 203 AD2d 250, 252 [1994]; Matter of Ralph V. v Andrew M., 85 AD2d 606 [1981]; Bergson v Bergson, 68 AD2d 931, 932 [1979]).

Here, the young man at issue, now 17 years old, asked to live

with his father and brother. The law guardian recommended the change in custody, noting that the young man would do as well or better emotionally if he were allowed to live with his father. The father testified that he would keep his son enrolled in his present school and continue to foster academic excellence. He would also assist in repairing the relationship between the boys and their mother. Under the totality of circumstances, the best interest of the parties' younger son will be served by a change in residential custody. We remit the matter to the Family Court, Dutchess County, for further proceedings, including a hearing to establish an appropriate visitation schedule for the mother and a determination regarding the financial obligations of the parties with respect to their minor son. Cozier, J.P., Luciano, Crane and Skelos, JJ., concur.