OPINION OF THE COURT
Michael L. Hanuszczak, J.
*514 On April 25, 2009, the attorney for the Onondaga County Department of Law filed a motion seeking an order vacating the order of disposition in the above-titled neglect proceeding. On May 26, 2009, the Law Guardian filed an affirmation in opposition to the motion. On July 12, 2009, the court received a letter from the current attorney for the respondent seeking to be relieved as counsel or, in the alternative, supporting the application of the County Attorney.
Procedural History
The procedural histories of both the custody and neglect proceedings are relevant to the instant motion. On October 16, 2007, C.M., who is the subject child’s father, filed a petition under article 6 of the Family Court Act seeking custody and naming S.D., who is the child’s mother, as the respondent. On April 28, 2008, the parties reached an agreement on custody, which was approved by the Law Guardian. In brief, their agreement called for joint legal custody of the child with physical custody to the father and visitation to the mother. The parties agreed to continue counseling, and the court extended the Law Guardian appointment for a period of six months. The Law Guardian was directed to prepare the order of custody and visitation, which was filed and entered on July 24, 2008.
On June 10, 2008, the Law Guardian transmitted a letter to the court, on notice to the father and the attorney for the mother, to have the custody proceeding restored to the calendar. The Law Guardian stated she had been informed by the parties’ caseworker that a new report had been made concerning the mother’s drug abuse and other behaviors which resulted in criminal charges. The Law Guardian also referenced the caseworker’s concern that the father was covering up the mother’s behavior. The Law Guardian stated that she no longer believed that the parents’ April 28, 2008 agreement was in the best interests of her client. As there were no objections to the • restoration, the court restored the matter to its calendar and, after ordering updated child protective reports, issued a temporary order of custody granting the father sole custody of the child with supervised visitation to the mother. The court also granted the Law Guardian permission to file a neglect petition under article 10 of the Family Court Act naming the mother as the respondent.
At a January 27, 2009 court date for the custody proceeding, the mother did not appear and the court found that she had *515 defaulted. After a March 11, 2009 hearing, the court issued an order which granted sole legal custody of the child to the father and directed the mother to have no contact with the child pending further court order. The custody order was filed and entered on May 5, 2009.
With respect to the instant neglect proceeding, the petition was filed on October 2, 2008 by the Law Guardian, who alleged that the respondent mother neglected the child due to the mother’s untreated mental condition and her misuse of drugs and alcohol. The mother was served with the petition and appeared in court with counsel. The court requested the attorney to explain to the mother that she had the option of agreeing to participate in the Family Treatment Court. (The Family Treatment Court is a specialized court in which a parent who has a substance abuse problem and who is a respondent in a neglect proceeding enters into a contract with the court so that specialized services/monitoring may be provided.) At a subsequent court appearance, the mother’s first attorney asked to be relieved as counsel due to her lack of cooperation with the attorney and the court granted the request.
The Department of Social Services declined to join the Law Guardian as a petitioner in the neglect proceeding and moved to dismiss the proceeding, arguing that there were no neglect allegations against the father and that the child was safe as she was in the custody of the father. On January 27, 2009, after reviewing the motion papers and hearing oral arguments, the court declined to dismiss the neglect petition, found the mother in default, and made an adjudication of neglect.
The mother had previously informed the court that she would enter a rehabilitation program as offered to her by the Department of Social Services, but she did not appear at the scheduled appearance and the court was informed that she had not contacted the caseworker. The court found that the mother had defaulted and made an adjudication of neglect. The matter was set down for a dispositional hearing on March 11, 2009; however, the mother did not appear. After testimony, the court issued an order of supervision and an order of protection. The dispositional orders in the neglect proceeding were filed and entered on April 6, 2009.
Motion to Vacate
Citing section 1055-b of the Family Court Act, the County Attorney argues that a court has no authority to issue an order of *516 supervision or to require the local department of social services to provide services to a respondent when there is an order of custody granting custody to a nonrespondent parent. The attorney notes that, since the court awarded sole custody to the father on March 11, 2009 pursuant to an article 6 petition, the order of disposition under the article 10 proceeding is void ab initio. In oral argument, the County Attorney stated that their caseworkers have been unable to contact the mother, who has several warrants outstanding for criminal charges; that the mother has not seen the child since May 2008; and that the father has cooperated with their caseworkers and they do not believe there are any safety concerns for the child under his care.
Thé Law Guardian opposes the motion to vacate the order of disposition. Citing section 1055-b of the Family Court Act, the attorney argues that since the court did not make the necessary findings concerning the child’s safety as required by the statute, the March 11, 2009 article 6 custody award cannot be considered as having been issued “under this section” of the statute. Therefore, the Law Guardian states that the order of disposition under the article 10 petition can stand as a separate order. The attorney also pointed out that the court previously (Jan. 27, 2009) denied the County’s motion to dismiss the neglect petition. In oral argument, the Law Guardian, citing the child protective history of both parents, stated that she feared the mother could abscond with the child or that the father would not protect the child if the mother reappeared in the child’s life.
In a letter to the court dated July 12, 2009, the current attorney for the mother requested to be relieved as counsel for the mother due to a lack of cooperation from his client. Alternatively, the attorney supported the County Attorney’s motion to vacate the order of disposition.
Article 10 Amendments
The linkage between custody proceedings under article 6 and neglect proceedings under article 10 can be “complex” and result in “conflicts” at the time when the court enters final orders in each proceeding. For example, a custody order generally results in what is considered a “permanent” placement for the child whereas a dispositional order in a neglect proceeding may require the social services agency to attempt to “reunite” the child with a respondent parent. When a court enters an order of custody placing a child with a nonrespondent parent *517 while, at the same time, requiring an agency to try to reunite the child with the respondent parent, there is an apparent inconsistency in the overall goal for the child. {See Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 651, at 116-117.)
In early 2009, the New York State Legislature took steps to ameliorate the difficulties between article 6 and article 10 dispositions by amending the Family Court Act to “clarify which dispositions may be used in combination with others.” (Sponsor’s Mem in Support of 2008 NY Assembly Bill A10808-A, reprinted in 2008 McKinney’s Session Laws of NY, at 2190.)
Effective March 3, 2009, article 10 of the Family Court Act was amended to add a new section, i.e., section 1055-b, which authorizes the court under specified circumstances to award custody under article 6 of the Family Court Act as a dispositional option under an article 10 proceeding.
The newly enacted section 1055-b authorizes the court to grant custody of the subject child to a relative or suitable person pursuant to article 6 at the conclusion of a dispositional hearing held under article 10 under the following conditions: (1) the relative has filed a custody petition pursuant to article 6; (2) the court finds that granting custody to that person is in the best interests of the child and that the safety of the child will not be jeopardized if the respondent is no longer under supervision or receiving services; (3) the court finds that granting custody to the relative under article 6 will provide the child with a safe and permanent home; and (4) all parties consent; or (5) after a dispositional hearing which consolidates the article 6 and article 10 petitions. (Family Ct Act § 1055-b [a].)
Once the order of custody is made, the court “shall not issue an order of supervision nor may the court require the local department of social services to provide services to the respondent.” (Family Ct Act § 1055-b [b].) Once the order of custody is made, the court’s jurisdiction over the article 10 proceeding is concluded. (Family Ct Act § 1055-b [d].) However, the court may require the final order to specify that the law guardian and the department of social services receive notice of and be made parties to any subsequent proceedings to modify the custody order. (Family Ct Act § 1055-b [c].)
Section 1052 of the Family Court Act enumerates the court’s choices on disposition in an article 10 proceeding: (1) suspending judgment; (2) releasing the child in accordance with section 1054; (3) placing the child in accordance with section 1055; (4) *518 making an order of protection in accordance with section 1056; (5) placing the respondent under supervision; or (6) granting custody in accordance with section 1055-b. Effective on March 3, 2009, section 1052 (a) of the Family Court Act was amended to prohibit the court from combining a custody award under section 1055-b with any other dispositional choice.
Decision of the Court
This has been a difficult case. The court lauds the herculean efforts of the Law Guardian to ensure the safety of her client and the multiple attempts by county caseworkers to provide services to the respondent mother. The court also recognizes that the father has taken a number of steps to enhance the well-being of his daughter. It is the sincere hope of this court that the mother will enter and complete a rehabilitation program so that she can improve the quality of her life and resume a safe and loving relationship with her daughter.
However, the intent of the Legislature is clear with respect to simultaneously pending custody and neglect petitions: if the court awards article 6 custody under certain circumstances after an article 10 dispositional hearing, the court may not employ other dispositional options under article 10. There is no need to require the County to attempt to reunite this child with her mother as a degree of permanency has been achieved for her with the sole custodial placement with her father. Accordingly, the County Attorney’s motion is granted, and the order of supervision and the order of protection under the neglect proceeding are vacated.
The County Attorney is directed to prepare an amended order of fact-finding and disposition under the neglect proceeding, keeping the findings with respect to the adjudication of neglect. The amended disposition should state that, pursuant to Family Court Act § 1055-b and after a consolidated hearing on the neglect and custody petitions, the court has granted sole custody under an article 6 petition to the father with the mother to have no contact with the child until further court order. The order should recite the custody findings as required by section 1055-b, as entered below in this order. The court will prepare an amended order of custody under the article 6 petition.
Although none of the attorneys or parties requested that the court make the required findings under section 1055-b at the time of the combined dispositional hearing on the custody and neglect proceedings, this court would not have granted an order *519 of custody to the father if it did not find that the child would be safe with him as the sole custodian and with the mother to have no contact with the child pending further court order. Therefore, the court will now make the specific, required findings, pursuant to section 1055-b of the Family Court Act, nunc pro tunc to March 11, 2009.
In view of its decision on the motion to vacate, the court declines to relieve the mother’s current attorney as counsel as the issue has become moot.
Now, after a consolidated hearing on the child protective proceeding under article 10 of the Family Court Act and the custody petition under article 6 of the Family Court Act, it is adjudged, that the father has filed a petition for custody of the subject child pursuant to article 6 of the Family Court Act; and it is further adjudged, that it is in the best interests of the subject child to award sole legal custody to the father with the mother to have no contact with the child until further court order and that the safety of the subject child will not be jeopardized if the mother is no longer under supervision or receiving services; and it is further adjudged, that an award of custody of the subject child to the father under article 6 of the Family Court Act will provide the child with a safe and permanent home; and it is further adjudged, that the motion to vacate the order of disposition is granted; and it is ordered, that the order of fact-finding and disposition, filed and entered on April 6, 2009 under docket No. N-XXXX-08, is hereby vacated; and it is further ordered, that the order of protection, filed and entered on April 6, 2009 under docket No. N-XXXX-08, is hereby vacated.