■ In the Matter of MOISES MERA, Appellant, v GLORIA RODRIGUEZ, Respondent. [899 NYS2d 893]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of a corrected order of the Family Court, Westchester County (Edlitz, J.), entered June 3, 2009, as denied, without a hearing, his petition to modify a prior order of the same court dated March 6, 2008, which, inter alia, permitted him to have only therapeutic supervised visitation with the subject child once it was deemed therapeutically appropriate, and suspended all visitation between him and the subject child.

Ordered that the corrected order is affirmed insofar as appealed from, without costs or disbursements.

"A court must determine the best interests of the child when adjudicating . . . visitation issues. The determination of visitation issues is entrusted to the sound discretion of the trial court, and should not be disturbed on appeal unless it lacks a substantial evidentiary basis in the record" (*Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *see Jordan v Jordan*, 8 AD3d 444 [2004]). "[A] noncustodial parent should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child" (*Matter of Grisanti v Grisanti*, 4 AD3d 471, 473 [2004] [internal quotation marks and citation omitted]).

The Family Court's determination that therapeutic supervised visitation would be psychologically detrimental to, and not in the best interests of, the subject child has a sound and substantial basis in the record and should not be disturbed (*see Matter of Thompson v Yu-Thompson*, 41 AD3d 487 [2007]). To the extent that the Family Court relied upon the in camera interview of the then-12-year-old child, it was entitled to place great weight on the wishes of the child, who was mature enough to express his wishes (*see Matter of O'Connor v Dyer*, 18 AD3d 757 [2005]; *Koppenhoefer v Koppenhoefer*, 159 AD2d 113 [1990]).

Further, the Family Court did not improvidently exercise its discretion in declining to proceed with psychological evaluations of the parties before suspending visitation (*see Matter of Rhodie v Nathan*, 67 AD3d 687 [2009]; *Matter of Johnson v Williams*, 59 AD3d 445 [2009]; *Matter of Potente v Wasilewski*, 51 AD3d 675 [2008]). The Family Court had the benefit of the reports of the director of the relevant supervised visitation program at the YMCA and the child's therapist, which evaluated and discussed the child's psychological status and feelings regarding engaging in therapeutic supervised visitation with the father, a letter from the father's therapist, which evaluated and discussed the father's parenting skills, the in camera interview of the child wherein the Family Court was able to assess firsthand the child's feelings towards the father and the prospect of having to engage in therapeutic supervised visitation with him, and the position advocated by the attorney for the child. Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.