■ In the Matter of KOONTIE MAUREEN MOHABIR, Appellant, v KUMAR SINGH, Respondent. [910 NYS2d 917]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ebrahimoff, Ct. Atty. Ref.), dated October 14, 2009, which denied, without a hearing, her petition to enforce an order of visitation of the same court dated May 16, 2008, and suspended her visitation with the subject child.

Ordered that the order is affirmed, without costs or disbursements.

"A court must determine the best interests of the child when adjudicating . . . visitation issues" (*Matter of Mera v Rodriguez*, 73 AD3d 1069, 1069 [2010]; *see Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]). "The determination of visitation issues is entrusted to the sound discretion of the trial court, and should not be disturbed on appeal unless it lacks a substantial evidentiary basis in the record" (*Matter of Thompson v Yu-Thompson*, 41 AD3d at 488; *see Jordan v Jordan*, 8 AD3d 444, 445 [2004]). "[A] noncustodial parent should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child" (*Matter of Mera v Rodriguez*, 73 AD3d at 1069; *see Cervera v Bressler*, 50 AD3d 837, 839 [2008]; *Matter of Grisanti v Grisanti*, 4 AD3d 471, 473 [2004]).

The Family Court's determination that visitation would not be in the best interests of the subject child has a sound and substantial basis in the record and should not be disturbed (*see Matter of Mera v Rodriguez,* 73 AD3d at 1069-1070). To the extent that the Family Court relied upon the in camera interview of the then-13-year-old child, it was entitled to place great weight on the child's wishes, since he was mature enough to express them (*see Matter of Mera v Rodriguez,* 73 AD3d at 1069-1070; *Matter of O'Connor v Dyer,* 18 AD3d 757 [2005]; *Koppenhoefer v Koppenhoefer,* 159 AD2d 113 [1990]).

Moreover, the Family Court, which was familiar with the parties from prior proceedings (*see Matter of Hermann v Chakurmanian,* 243 AD2d 1003, 1004-1005 [1997]), possessed adequate relevant information to enable it to make an informed and provident visitation determination without conducting a hearing (*see Matter of Mera v Rodriguez,* 73 AD3d at 1069-1070; *Matter of Melikishvili v Grigolava,* 20 AD3d 569, 570-571 [2005]; *Matter of Levande v Levande,* 10 AD3d 723, 723-724 [2004]; *Matter of Williams v O'Toole,* 4 AD3d 371 [2004]; *Matter of Hermann v Chakurmanian,* 243 AD2d at 1004-1005). Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.