■ In the Matter of RONIECE LYONS, Respondent, v WILLIE KNOX, Appellant. [5 NYS3d 250]—

Appeal from (1) an order of the Family Court, Duchess County (Valentino T. Sammarco, J.), dated July 30, 2013 and (2) an order of protection of that court, also dated July 30, 2013. The first order, after a hearing, granted the mother's petition to modify a prior order of custody and visitation so as to award her sole legal and physical custody of the parties' child and suspend the father's visitation rights, and denied the father's cross petition to modify the prior order of custody and visitation. The order of protection directed the father to stay away from the subject child until and including July 25, 2015.

Ordered that the order and the order of protection are affirmed, without costs or disbursements.

"Modification of an existing court-sanctioned custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of O'Shea v Parker*, 116 AD3d 1051, 1051 [2014]; *see Matter of Hillord v Davis*, 123 AD3d 1126 [2014]; *Matter of Jasiah T.-V.S. J. [Joshua W.]*, 123 AD3d 717 [2014]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Skeete v Hamilton*, 78 AD3d 1187 [2010]; *Matter of Chabotte v Faella*, 77 AD3d 749 [2010]).

Furthermore, "[a] noncustodial parent should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child" (*Matter of Mera v Rodriguez*, 73 AD3d 1069, 1069 [2010] [internal quotation marks omitted]; *see Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]; *Matter of Grisanti v Grisanti*, 4 AD3d 471, 473 [2004]). " 'While not determinative, the child's expressed preference is some indication of what is in the child's best interests,' " provided that the

court consider " 'the age and maturity of the child and the potential for influence having been exerted on the child' " (*Matter of Schouten v Schouten*, 155 AD2d 461, 463 [1989], quoting *Eschbach v Eschbach*, 56 NY2d at 173).

Since custody and visitation determinations "necessarily depend . . . to a great extent upon an assessment of the character and credibility of the parties and witnesses," such determinations "should not be set aside unless they lack a sound and substantial basis in the record" (*Matter of Diaz v Garcia*, 119 AD3d 682, 683 [2014], quoting *Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]).

Here, contrary to the father's contentions, the Family Court's determination as to the best interests of the child, made after a hearing in which the court heard testimony from a number of witnesses, including the parties, has a sound and substantial basis in the record and, accordingly, will not be disturbed (*see Matter of Mack v Kass*, 115 AD3d 748 [2014]; *Matter of Gordon v Goldin*, 95 AD3d 1115 [2012]).

Moreover, the father's contention that there was no basis for the Family Court's issuance of an order of protection against him is without merit. Pursuant to Family Court Act § 656, the Family Court may issue an order of protection in conjunction with any other order issued pursuant to Family Court Act article 6. The court issued the order of protection in connection with its order awarding the mother legal and physical custody of the subject child. The evidence presented, which showed that the child feared the father, provided an ample basis for issuance of the order of protection (*see Matter of McNelis v Carrington*, 116 AD3d 858 [2014]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.