■ In the Matter of MARC ROSENBLATT, Respondent, v ELIZABETH ROSENBLATT, Appellant. (Proceeding No. 1.) In the Matter of ELIZABETH ROSENBLATT, Appellant, v MARC ROSENBLATT, Respondent. (Proceeding No. 2.) [12 NYS3d 230]—Appeal from an order of the Family Court, Rockland County (William P. Warren, J.), entered December 23, 2013. The order, after a hearing, granted the father's petition to modify a prior order of visitation dated November 24, 2008, in effect, denied the mother's petition to enforce that order of visitation, and suspended all

visitation and contact between the mother and the subject children.

Ordered that the order entered December 23, 2013, is affirmed, without costs or disbursements.

In determining custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Matter of Nicholas v Nicholas*, 107 AD3d 899 [2013]). A court may modify an existing visitation order "upon a showing that there has been a subsequent change of circumstances and that modification is in the best interests of the child" (*Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]; *see Matter of Mack v Kass*, 115 AD3d 748, 748-749 [2014]; *Matter of Manzella v Milano*, 82 AD3d 1242, 1242 [2011]; *Matter of Arduino v Ayuso*, 70 AD3d 682, 682 [2010]).

" '[A] noncustodial parent should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child' " (*Matter of Mera v Rodriguez*, 73 AD3d 1069, 1069 [2010], quoting *Matter of Grisanti v Grisanti*, 4 AD3d 471, 473 [2004]; *see Matter of Lyons v Knox*, 126 AD3d 798 [2015]; *Matter of Giannoulakis v Kounalis*, 97 AD3d 748 [2012]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]). " 'The determination of visitation issues is entrusted to the sound discretion of the trial court, and should not be disturbed on appeal unless it lacks a substantial evidentiary basis in the record' " (*Matter of Mera v Rodriguez*, 73 AD3d at 1069, quoting *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *see Matter of Sinnott-Turner v Kolba*, 60 AD3d at 775).

Here, based on the evidence adduced at the hearing, the Family Court properly found that a change in circumstances in the relationship between the mother and the subject children warranted modification of the existing visitation schedule (*see Matter of Nicholas v Nicholas*, 107 AD3d 899, 900 [2013]). Moreover, considering the testimony elicited, the Family Court's determination that therapeutic supervised visitation with the mother would not be in the best interests of the subject children had a sound and substantial basis in the record, and should not be disturbed (*see Iacono v Iacono*, 117 AD3d 988, 989 [2014]; *Matter of Robinson v McNair*, 90 AD3d 759, 761 [2011]; *Matter of Mohabir v Singh*, 78 AD3d 1056, 1057 [2010]; *Matter of Mera v Rodriguez*, 73 AD3d at 1070). To the extent that the Family Court relied on the in camera interviews with the subject children, then 13 years old and 15 years old,

respectively, it was entitled to place great weight on their wishes, since they were mature enough to express them (*see Matter of Mohabir v Singh*, 78 AD3d at 1057; *Matter of Mera v Rodriguez*, 73 AD3d at 1070).

The mother's remaining contention, regarding an order subsequently issued, is not properly before this Court. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.