In the Matter of ROBERT COULL, Appellant, v PAMELA ROTTMAN, Respondent. [15 NYS3d 834]—

Appeal from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered January 10, 2014. The order, insofar as appealed from, after a hearing, inter alia, denied the father's petition to enforce his visitation rights or, in the alternative, to suspend his child support obligation, and granted the mother's cross petition to modify a prior order of custody and visitation of that court dated November 6, 2009, so as to suspend the father's visitation with the subject child.

Ordered that the order entered January 10, 2014, is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the father's petition which was to suspend his child support obligation, and substituting therefor a provision granting that branch of the petition; as so modified, the order entered January 10, 2014, is affirmed insofar as appealed from, without costs or disbursements.

A party seeking to modify an existing visitation order must show that there has been a sufficient change in circumstances since the entry of the order such that modification is warranted to further the child's best interests (*see Matter of Rambali v Rambali*, 102 AD3d 797, 799 [2013]; *Matter of Peralta v Irizary*, 91 AD3d 877, 879 [2012]). The determination of visitation is within the sound discretion of the hearing court, based on the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Nicholas v Nicholas*, 107 AD3d 899, 899-900 [2013]; *Matter of Rambali v Rambali*, 102 AD3d at 799; *Matter of Giannoulakis v Kounalis*, 97 AD3d 748, 749 [2012]). Furthermore, while the express wishes of the child are not controlling, they are entitled to great weight, particularly where the child's age and maturity would make his or her input particularly meaningful (*see Matter of Samuel S. v Dayawathie R.*, 63 AD3d 746, 747 [2009]; *Matter of Manfredo v Manfredo*, 53 AD3d 498, 500 [2008]; *Matter of O'Connor v Dyer*, 18 AD3d 757, 757 [2005]).

In determining custody and visitation rights, the most important factor to be considered is the best interest of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Matter of Rosenblatt v Rosenblatt*, 129 AD3d 1091 [2015]). The determination of visitation issues is entrusted to the sound discretion of the trial court, and should not be disturbed on appeal unless it lacks an evidentiary basis in the record (*see Matter of Rosenblatt v Rosenblatt*, 129 AD3d 1091 [2015]; *Matter of Mera v Rodriguez*, 73 AD3d 1069 [2010]). Here, the evidence adduced at the hearing demonstrated that despite the fact that the child had participated in therapy for several months in an effort to foster a relationship with his father, the child remained vehemently opposed to any form of visitation with the father. The Family Court was entitled to place great weight on the child's wishes, since he was mature enough to express them (*see Matter of Rosenblatt v Rosenblatt*, 129 AD3d 1091 [2015]; *Matter of Luo v Yang*, 103 AD3d 636 [2013]). The court's finding that further attempts to compel the child, who was then 13 years old, to engage in visitation would be detrimental to the child's emotional well being has a sound and substantial basis in the record and, thus, should not be disturbed (*see Matter of Rosenblatt v Rosenblatt*, 129 AD3d 1091 [2015]; *Matter of Lyons v Knox*, 126 AD3d 798, 799 [2015]; *Matter of Luo v Yang*, 103 AD3d at 637; *Matter of Krasner v Krasner*, 94 AD3d 763, 764 [2012]).

However, contrary to the conclusion of the Family Court, the evidence adduced at the hearing justified a suspension of the father's obligation to make future child support payments (*see Rodman v Friedman*, 112 AD3d 537 [2013]; *Ledgin v Ledgin*, 36 AD3d 669, 670 [2007]). The forensic evaluator testified that there was a "pattern of alienation" resulting from the mother's interference with a regular schedule of visitation. The evaluator was unable to complete her evaluation because the mother refused to consent to the evaluator's request to speak with mental health providers or school officials, and the child did not appear for his interview. Moreover, after the father's last visit with the child, which occurred on February 7, 2010, the father continued to go to the exchange location on visitation days for several months. On one occasion, the mother and child appeared, but the mother said the child would not come out of the car. On the other occasions, neither the mother nor the child appeared, nor did the mother communicate with the father. The father was never told about the child's medical needs or that the child had been hospitalized until after the fact, nor was he advised of any information about the child's school or school events. Further, the record reflects that the

mother, who represented herself before the Family Court, assumed an inappropriately hostile stance toward the father and witnesses who testified in his favor. The Family Court noted in its decision that the mother stated "many times, that she will never allow [the father] to see the subject child and that she would do whatever it takes to keep the subject child away" from him.

Under these circumstances, it is appropriate to suspend the father's current child support obligations (*see Matter of Thompson v Thompson*, 78 AD3d 845 [2010]).

The father's remaining contentions are without merit. Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.