OPINION OF THE COURT
Judith D. Waksberg, J.
An order of reference entered by the Honorable Adam Silvera on June 2, 2015 directed that Court Attorney Referee Lisa Aschkenasy hear and report on the father’s petition seeking to modify an order of custody entered in Richmond County in 2012. The father first sought joint custody of the child and then amended his order to seek visitation only. During the course of the proceedings, the mother filed an order to show cause seeking entry of an order of protection against the petitioner in favor of her and the child. Court Attorney Referee Aschkenasy held a hearing on the matter over the course of six days from June 2, 2015 to February 18, 2016.
On May 16, 2016, Referee Aschkenasy produced a 24-page report and recommendations in this case. A notice of report and recommendations, annexed to the report and recommendations itself, was sent to the attorneys for the father and the mother. On June 8, 2016, the parties appeared before the court with their counsel. Counsel for the petitioner father stated that she had not received the report and recommendations until May 27, 2016 and requested additional time to respond to the report and recommendations. The court agreed to give counsel for the father until June 13, 2016 to respond in papers to the Referee’s report and recommendations. Counsel for the respon *400 dent mother was given until June 27, 2016 to answer any papers submitted by the father. The court has now received submissions from both parties.
The father raises several objections to the Referee’s report and recommendations. First, he argues that the court lacks subject matter jurisdiction to grant the order of protection recommended. The father posits several bases for the court’s lack of jurisdiction: (1) that the mother failed to allege a family offense within the meaning of Family Court Act § 812; (2) the order to show cause failed to state a cause of action; (3) the Referee did not have the power to hear and determine and therefore could not grant a temporary order to show cause; and (4) there was no petition or counterclaim filed for an order of protection as required by Family Court Act §§ 154-b and 656. The father also argues that the record does not support the Referee’s findings. (Affirmation of Ingrid Gherman ¶ 2.)[1]
The father’s various arguments that the record does not support the Referee’s findings and that the court should adopt the father’s characterization of the testimony have no merit. (Affirmation of Ingrid Gherman ¶¶ 2, 14-22.) The credibility findings of the Referee, who heard extensive testimony from both parents, are given deference, and the record supports the Referee’s findings that the mother was the victim of “frightening and dangerous acts of domestic violence” (report and recommendations at 21) committed by the father and that given that history, and the father’s recent conviction for acts of violence against another intimate partner, the mother has legitimate cause for ongoing concern on her behalf and that of the child. (See Matter of Strand-O’Shea v O’Shea, 32 AD3d 398, 398 [2d Dept 2006] [“Because the hearing court is in the best position to evaluate the testimony, character, and sincerity of the witnesses, its findings are entitled to great deference on appeal, and will not be overturned unless they lack a sound and substantial basis in the record”].)
The father’s arguments that the court does not have jurisdiction to issue an order of protection on behalf of the mother and the child are also without merit. The order to show cause alleges numerous family offenses. The mother’s affidavit, filed with the order to show cause dated October 20, 2015, clearly *401 describes actions taken by the father against the mother which would constitute such family offenses as assault, strangulation, criminal obstruction of breathing or circulation, harassment, menacing, disorderly conduct, and criminal mischief. The order to show cause thus both alleged a family offense and stated a cause of action. (See Family Ct Act § 821 [1].) The father is correct in that the Referee did not have the power to issue a temporary order of protection during the course of the proceedings as she did not have the consent of both parties to hear and determine. The Referee herself makes note of that in her report, but concludes, correctly, that the father’s objection to any temporary orders of protection that she issued is now moot as those orders have expired.[2]
Finally, the father argues that an order of protection may not be granted because the mother did not file either a petition or a counterclaim for the order of protection. (Affirmation of Ingrid Gherman ¶¶ 2, 26, 32.) The father cites to language in Family Court Act § 656 which states that “[n]o order of protection may direct any party to observe conditions of behavior unless the party requesting the order of protection has served and filed a petition or counter-claim in accordance with section one hundred fifty-four-b of this act.” The father argues that since the mother did not file either a petition or a counterclaim for an order of protection, such an order may not be issued. In this instance, however, the mother’s order to show cause was equivalent to a petition, or at the very least to a counterclaim, and therefore, an order of protection may issue.
An order of protection under article 6 of the Family Court Act may be issued by a court “in assistance or as a condition of any other order made under this part.” (Family Ct Act § 656.) The section allowing for such an order of protection does not delineate the same requirements for an order of protection as one issued pursuant to article 8 of the Family Court Act. Under article 8, a petition must set forth, inter alia, an allegation that the respondent committed certain specified acts such as assault, attempted assault, disorderly conduct, harassment, etc., the relationship between the petitioner and the respondent, the name of any child in the household, and a request for an order of protection. (Family Ct Act § 821.) Section 656 does not list these requirements, but only states that a petition or a *402 counterclaim filed in response to a petition requesting an order of protection must be filed. In this case, although the mother filed an answer to the father’s petition, she did not file a counterclaim requesting an order of protection. At that time, the mother’s home and the child’s school were not known to the father and the mother apparently believed that she and the child were safe from the father’s threats (which included threats to kidnap the child). At some point during the course of the proceedings, the child revealed the location of his school to the father. The father appeared the next day at the child’s school. It was this event which prompted the mother to seek an order of protection.
The mother moved for an order of protection by order to show cause. Her order to show cause met all the requirements of a petition under article 8 as it listed the family offenses alleged to have been committed by the father and it contained an affidavit of the mother containing nonhearsay allegations of specific acts he had committed. It also described the parties’ relationship and the fact that they had a child in common. The order to show cause thus provided even more specificity than is required by Family Court Act § 656. In any event, it fully satisfied the requirements of due process.
“An essential principle of due process is that a deprivation of life, liberty, or property ‘be preceded by notice and opportunity for hearing appropriate to the nature of the case.’ Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950).” (Cleveland Bd. of Ed. v Loudermill, 470 US 532, 542 [1985].)
The father had notice that the mother was seeking an order of protection until the child’s 18th birthday and was provided with sworn allegations that formed the basis for her request. The father responded to the order to show cause and, as described in the Referee’s report, the order to show cause was fully litigated in the course of the hearing held before her. Thus, the order to show cause filed by the mother met the due process requirements for an order of protection issued under article 6.
The intent of Family Court Act § 656 is clearly to ensure that no order of protection is issued unless due process is-provided. Here, the order to show cause provided all the notice and due process that a petition (and certainly a counterclaim) would have. To deny an order of protection under these *403 circumstances would have the effect of subverting the purpose of Family Court Act § 656 to protect litigants and children enmeshed in custody litigation.
Moreover, the father’s hypertechnical reading of Family Court Act § 656 would, in circumstances such as this case, render the statute meaningless. Here, in the course of a petition for visitation brought by the father, circumstances occurred which prompted the mother to seek an order of protection. Since those circumstances occurred subsequent to the opportunity to file a counterclaim, the father’s interpretation of section 656 would mean that the mother’s only option would have been to file a petition under article 8. The purpose of Family Court Act § 656, however, is clearly to protect children and their parents from domestic violence inflicted by another parent — and to ensure that that protection is extended in the context of custody proceedings. (See Matter of Lyons v Knox, 126 AD3d 798, 799 [2d Dept 2015] [affirming issuance of order of protection under article 6 where evidence showed that child feared the father].) That is exactly what occurred here, and the court therefore finds that there is no impediment to the issuance of an order of protection in this case.
The court fully accepts the Referee’s report and finds that it is supported by the record. With one exception, the court adopts all of the Referee’s recommendations. Based on the report and recommendations, and for the reasons stated therein, the court hereby orders that:
1. The father is to have biweekly supervised visitation at Comprehensive Family Services. As a component of that visitation, the father is to enroll in and complete a domestic violence program and participate in individual counseling. The father is to bear the cost of the supervised visits and of the individual counseling and domestic violence program.
2. The Department of Probation is to monitor the father’s participation in counseling and in a domestic violence program.
3. A final order of protection on behalf of the respondent and the child is granted. The order of protection directs the petitioner to stay away from the respondent, her home and her place of employment, except for incidental contact at visitation exchanges; to refrain from communication with respondent; and to refrain from committing a crime against her. It also orders petitioner not to interfere with respondent’s care and custody of the child. The order of protection also directs the petitioner to stay away from the child, his home and his school, *404 except for court-ordered supervision. The order of protection will be in effect for five years. The mother is granted leave to request an extension of the order of protection after five years if it appears to be necessary.[3]

. The father also argues that "prior to considering the Referee’s Report and Recommendations, the court must decide Petitioner’s motion to dismiss,, which is still pending . . . .” (Affirmation of Ingrid Gherman, June 12, 2016, ¶ 2.) There is no pending motion to dismiss in this case.

. A temporary order of protection is in place until this final order goes into effect. The current temporary order was issued by this court, so the father’s objection to the Referee’s authority to issue one is no longer valid.

. The Referee had recommended an order of protection until the child’s eighteenth birthday. Given the tender age of the child (he is only six years old at this time), and the court’s hope that the father’s enrollment in counseling and in a domestic violence program; which are also being ordered, may make a difference in the father’s behavior and his relationship with his child, the court believes that a five-year order of protection at this point is more appropriate.