In the Matter of CRAIG S., Respondent, v EMILY S., Appellant, and ADMINISTRATION FOR CHILDREN'S SERVICES-QUEENS, Respondent. (Proceeding No. 1.) In the Matter of EMILY S.-S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EMILY S., Appellant. (Proceeding No. 2.) In the Matter of CRAIG J.S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EMILY S., Appellant. (Proceeding No. 3.) [51 NYS3d 152]—

Appeals by the mother from (1) an order of disposition of the Family Court, Queens County (Marybeth S. Richroath, J.), dated October 29, 2015, (2) an order of custody and visitation of that court dated October 30, 2015, and (3) two orders of protection of that court, both dated October 29, 2015. The order of disposition and the order of custody and visitation, among other things, after a hearing, found that it was not in the best interests of the subject children to be returned to the mother, awarded custody of the children to the father, granted the father permission to relocate with the children to Ohio, and set forth a schedule of visitation for the mother. The orders of protection directed the mother to have no contact with the children while under the influence of alcohol or any illegal drug.

Ordered that the appeals from so much of the order of dispo-

sition and the order of custody and visitation as granted the father permission to relocate with the subject children to Ohio and set forth a schedule of visitation for the mother are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition and the order of custody and visitation are affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the orders of protection are affirmed, without costs or disbursements.

The mother and the father, who have two children together, live in separate residences. The Administration for Children's Services (hereinafter ACS) commenced a proceeding against the mother pursuant to Family Court Act article 10 alleging that she had neglected the subject children, who lived with her at the time the proceeding was commenced. The children were placed in the custody of the nonrespondent father. The mother entered an admission to neglecting the children, admitting, inter alia, that she smoked marijuana three times a day, and that the children had many absences from school. Thereafter, while the neglect proceeding was still pending, the father commenced a proceeding pursuant to Family Court Act article 6 seeking custody of the children. The Family Court held a consolidated dispositional hearing on the neglect and custody petitions. In an order of disposition and a separate order of custody and visitation, the court determined that it was in the best interests of the children to award custody to the father pursuant to Family Court Act article 6, and to allow him to relocate with the children to Ohio so that the father could accept a job offer from his former employer. The court set forth a schedule of visitation for the mother which provided, among other things, that the father would transport the children to New York every other month for supervised visitation with the mother. The court also issued an order of protection in favor of each child directing the mother to have no contact with them while under the influence of alcohol or any illegal drug. On appeal, the mother argues, inter alia, that the court, pursuant to Family Court Act article 10, should have returned the children to her with ACS supervision.

The appeals from so much of the order of disposition and the order of custody and visitation as granted the father permission to relocate with the children to Ohio and set forth a schedule of visitation for the mother must be dismissed as academic, in light of the Family Court's issuance of a superseding temporary order of visitation (*see Matter of Aria L. [Wesley C.],*

113 AD3d 685, 685 [2014]) and the father's representation that he no longer intends to relocate to Ohio (*see Matter of Bowe v Robinson*, 23 AD3d 555, 557 [2005]).

The Family Court's determination that an award of custody to the father was in the children's best interests has a sound and substantial basis in the record and, thus, will not be disturbed (*see Fenech v Fenech*, 141 AD3d 683, 684 [2016]; *Matter of Lawlor v Eder*, 106 AD3d 739, 740 [2013]). The court, after determining that some of the mother's testimony was not credible, particularly with respect to her claims that she was no longer consuming alcohol, concluded that the father would provide the children with the permanency of a more stable and appropriate home. Contrary to the mother's contention, a review of the court's decision indicates that it carefully considered all of the relevant factors in making its determination (*see Matter of Martinez v Hyatt*, 86 AD3d 571, 572 [2011]). Despite the mother's contentions to the contrary, the court properly awarded the father custody of the children pursuant to Family Court Act article 6 at the conclusion of the consolidated dispositional hearing for the Family Court Act articles 6 and 10 proceedings (*see* Family Ct Act § 1055-b; *Matter of B.*, 25 Misc 3d 513, 517 [Fam Ct, Onondaga County 2009]).

Moreover, the mother's contention regarding the propriety of the Family Court's issuance of orders of protection against her is without merit. "Pursuant to Family Court Act § 656, the Family Court may issue an order of protection in conjunction with any other order issued pursuant to Family Court Act article 6" (*Matter of Lyons v Knox*, 126 AD3d 798, 799 [2015]). The court issued the two orders of protection in connection with the order of custody and visitation awarding the father custody of the children. The evidence presented, which showed that the mother had failed to complete her substance abuse treatment program, provided an ample basis for issuance of the orders of protection (*see id.* at 799). Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.