Appeal from an order of the Family Court, Orange County (Carol S. Klein, J.), dated September 26, 2016. The order, insofar as appealed from, after a hearing, denied the father’s petition to modify a prior order of that court dated September 22, 2014, so as to award him visitation with the parties’ child.
 

 Ordered that the order dated September 26, 2016, is affirmed insofar as appealed from, without costs or disbursements.
 

 The parties’ child was born in 2003. The father, who is serving a long prison term, filed a petition, seeking, inter alia, modification of a prior order regarding visitation that had been entered after the father had already been imprisoned for several years, so as to award him visitation with the child at his place of incarceration. The Family Court denied the petition, and the father appeals.
 

 Modification of an existing order of visitation is permissible only upon a showing that there has been such a change in circumstances since the entry of the order that its modification is necessary to ensure the continued best interests and welfare of the child (see Matter of Licato v Jornet, 146 AD3d 787, 787 [2017]; Matter of Rogan v Guida, 143 AD3d 830, 831 [2016]; Matter of Rambali v Rambali, 102 AD3d 797, 799 [2013]). Moreover, because determinations with regard to visitation depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, we accord appropriate deference to the Family Court’s findings and will not set them aside unless they lack a sound and substantial basis in the record (see Matter of Clarke v Wiltshire, 145 AD3d 776, 777 [2016]).
 

 Here, a prior order of visitation provided for contact between the father and child only by means of cards and letters. At the hearing on the father’s modification petition, the father failed to establish that a change in circumstances since the entry of the prior order necessitated modification of the prior visitation order to ensure the best interests of the child. The child, who was 12 years old at the time of the hearing, did not want to visit with the father in prison, had not seen the father in more than 7 years, and had not had a close relationship with him even before he was incarcerated. The Family Court appropriately gave considerable weight to its in camera interview with the child (see Matter of Rosenblatt v Rosenblatt, 129 AD3d 1091, 1092-1093 [2015]; Matter of Mera v Rodriguez, 73 AD3d 1069, 1070 [2010]). In sum, the court’s determination that modification of the prior visitation order was not required to ensure the best interests of the child has a sound and substantial basis in the record and will not be disturbed (see Matter of Coull v Rottman, 131 AD3d 964, 965 [2015]).
 

 The father’s remaining contention is without merit.
 

 Mastro, J.P., Balkin, Connolly and Christopher, JJ., concur.