New v Sharma (2018 NY Slip Op 05169)





New v Sharma


2018 NY Slip Op 05169


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-07269
 (Docket Nos. V-09673-03/10K, V-15598-03/10H)

[*1]In the Matter of Robert S. New, appellant, 
v
Emma T. Sharma, respondent.


Ralph R. Carrieri, Mineola, NY, for appellant.
Leslie S. Lowenstein, Woodmere, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Merik R. Aaron, J.), dated May 13, 2016. The order dismissed the father's modification petition, in effect, granted the application of the attorney for the child to limit the father to supervised parental access with the parties' child, and, in effect, directed that the parental access provisions contained in the modified final order of custody and parental access dated November 30, 2012, remain in effect.
ORDERED that the order dated May 13, 2016, is affirmed, without costs or disbursements.
The parties, who were never married, have one child in common. The father petitioned to modify an order of parental access dated January 14, 2010. He sought to modify that order so as to eliminate the involvement of a social worker in monitoring exchanges of the child and approving accommodations for overnight parental access. In an order dated November 30, 2012, the Family Court modified the order dated January 14, 2010, only to the extent of awarding the father supervised daytime parental access. As more fully detailed in our prior decision and order dated May 28, 2014, this Court reversed the order dated November 30, 2012, insofar as appealed from, and remitted for further proceedings. Pending the hearing and new determination, the parental access provisions as set forth in the order dated November 30, 2012, remained in effect (see Matter of New v Sharma, 117 AD3d 1061).
After a hearing on the father's modification petition, the Family Court, in an order dated May 13, 2016, dismissed the petition on the ground that the father failed to establish, prima facie, a significant change in circumstances warranting modification. The order further, in effect, granted the application of the attorney for the child to limit the father to supervised parental access with the child, and, in effect, directed that the parental access provisions contained in the modified final order of custody and parental access dated November 30, 2012, awarding the father supervised daytime parental access with the child, remain in effect. The father appeals from the order dated May 13, 2016.
A party seeking modification of an existing custody or parental access order must demonstrate that there has been a change in circumstances such that modification is required to [*2]protect the best interests of the child (see Matter of Henry v Tucker, 157 AD3d 892, 893; Matter of Zall v Theiss, 144 AD3d 831, 832). Here, the father failed to put forth any evidence to support his contention that a change of circumstances warranted modification of the order of parental access to ensure the best interests of the child. Since the father failed to substantiate the claim that his parental access had been curtailed and limited by the unavailability of the licensed social worker, the Family Court properly dismissed his petition (see Matter of Lopez v Chasquetti, 148 AD3d 1151, 1153). Furthermore, the court's conclusion that the child's best interests would be served by continuing supervised parental access between the father and child has a sound and substantial basis in the record and will not be disturbed. Contrary to the father's contention, the court properly considered and gave appropriate weight to its in camera interview of the then 14-year-old child in making its determination (see Matter of Parker v Hennessey, 156 AD3d 885, 886).
The father's remaining contentions are without merit.
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court