Matter of Martos-Vega v Suitt (2018 NY Slip Op 05168)





Matter of Martos-Vega v Suitt


2018 NY Slip Op 05168


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-07832
 (Docket No. V-4603-16)

[*1]In the Matter of Luz Martos-Vega, appellant, 
v
Marvin Suitt, respondent.


Salvatore C. Adamo, New York, NY, for appellant.
Betty J. Potenza, Highland, NY, for respondent.
Geoffrey E. Chanin, Goshen, NY, attorney for the children Ethan and Orlando.
Gary E. Lane, Poughkeepsie, NY, attorney for the child Shiloh.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Joan S. Posner, J.), entered July 7, 2017. The order, without a hearing, dismissed the petition.
ORDERED that the appeal is dismissed, without costs or disbursements.
In January 2017, the mother filed a petition, in effect, to permit sibling visitation without supervision by the maternal grandmother, who was unwilling to supervise visitation in accordance with a prior order. In an order entered July 7, 2017, the Family Court dismissed the petition upon the mother's failure to identify alternate possible supervisors. Thereafter, in an order dated December 21, 2017, the Family Court directed that the children have sibling visitation at a specified agency. The mother appeals from the order entered July 7, 2017.
In light of the order dated December 21, 2017, directing sibling visitation at the agency, the appeal from the order entered July 7, 2017, dismissing the petition, in effect, to permit sibling visitation without supervision by the maternal grandmother has been rendered academic (see Matter of Craig S. v Emily S., 149 AD3d 751, 752-753; Matter of Isabel L. v Biridia L., 50 AD3d 498). This case does not present an exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715; Matter of Field v Stamile, 85 AD3d 1164, 1165). Accordingly, the appeal must be dismissed.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court