Matter of Lastique v Lastique (2021 NY Slip Op 00565)





Matter of Lastique v Lastique


2021 NY Slip Op 00565


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-14006
 (Docket Nos. V-18311-11/19I, V-18848-11/19G)

[*1]In the Matter of Kelvin Lastique, appellant,
v
Karen Lastique, respondent.


Tennille M. Tatum-Evans, New York, NY, for appellant.
Angela Teresa Starr, Massapequa Park, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Juanita E. Wing, Ct. Atty. Ref.), dated November 26, 2019. The order, insofar as appealed from, after a hearing, denied that branch of the father's petition which was to enforce an order of custody and parental access dated January 16, 2014, as amended October 30, 2018.
ORDERED that the order dated November 26, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are former spouses, are the parents of one child. By order of custody and parental access dated January 16, 2014, which was amended on October 30, 2018, the father was awarded certain parental access with the child. The father thereafter filed a petition, among other things, to enforce that order, alleging, as relevant here, that the mother had prevented the child from communicating with him. By order dated November 26, 2019, the Family Court, after a hearing, inter alia, denied that branch of the petition. The father appeals.
The determination of issues regarding parental access is within the sound discretion of the hearing court, based on the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Coull v Rottman, 131 AD3d 964). At the hearing, the father failed to offer any evidence, other than his own speculative assumptions, that the mother was interfering with the child's ability to communicate with him. Furthermore, in considering the best interests of the child, who was 15 years old at the time of the hearing, with respect to parental access, the Family Court was entitled to place great weight on his wishes (see Matter of Coull v Rottman, 131 AD3d 964). Under the circumstances of this case, the court's determination to deny that branch of the father's petition which was to enforce the custody and parental access order has a sound and substantial basis in the record and will not be disturbed (see Matter of Werner v Mazzenga, 174 AD3d 727, 729; Matter of Coull v Rottman, 131 AD3d at 965).
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court