■ In the Matter of ELAINE SASSOWER-BERLIN, Respondent, v LEONARD BERLIN, as Executor of STEPHEN BERLIN, Deceased, et al., Appellants. [871 NYS2d 355]—

In a proceeding pursuant to Family Court Act article 6 to modify the visitation provisions of a judgment of divorce entered August 17, 2001, which, in effect, terminated the mother's visitation with the subject children, the appeals are from (1) an order of the Family Court, Nassau County (Eisman, J.), dated March 14, 2007, which granted the mother's petition to the extent of directing, inter alia, that a neutral mental health professional be appointed to receive written communications from the mother to the parties' two minor children, that the children be asked if they desire to see what the mother has written to them and whether they would like to have a therapy session with the mother, and that the neutral mental health professional report to the Family Court to advise the court as to the response, and directed that the mother be given access through the neutral mental health professional, three times per year, to the children's medical and school records, and (2) an order of the same court dated March 14, 2007, which, among other things, appointed Dr. John T. McCann as the neutral health professional.

Ordered that the orders are reversed, on the law and as a matter of discretion, with one bill of costs, and the mother's petition is denied in its entirety.

"As a general rule, some form of visitation by the noncustodial parent is always appropriate, 'absent exceptional circumstances, such as those in which it would be inimical to the welfare of the child or where a parent in some manner has forfeited his or her right to such access' " (*Zafran v Zafran*, 28 AD3d 753, 755 [2006], quoting *Weiss v Weiss*, 52 NY2d 170, 175 [1981]). We find, in the exercise of our discretion, that the record contains substantial evidence that visitation as awarded by the Family Court would be detrimental to the welfare of the subject children. The Family Court's in camera interviews with the then-16-year-old children confirmed that, as this Court previously found (*see Matter of Sassower-Berlin v Berlin*, 31 AD3d 771, 772 [2006]), they remain vehemently opposed to any form of visitation with the mother. The interviews also established that any attempts to further a relationship with the mother at this point in the children's lives would cause them undue emotional distress. Moreover, the children are almost 18 years of age and at that point will no longer be subject to an order directing any form of visitation with the mother (*see Matter of Lozada v Pinto*, 7 AD3d 801 [2004]). Accordingly, under the circumstances presented, the Family Court's orders lacked a sound basis in the

record and were not in the children's best interest. However, we note that the visitation provisions of the judgment of divorce provide that the mother may send correspondence directly to the children, thus enabling the mother to communicate with the children in that limited manner in the hope that, at some point in the future, they might be receptive to her efforts toward reconciliation.

We further find that granting the mother access to the children's medical and school records would not be in their best interests (*see Matter of Flamio v Flower,* 46 AD3d 1265 [2007]). Rivera, J.P., Florio, Balkin and Chambers, JJ., concur.