In an action for a divorce and ancillary relief, the mother appeals (1) from an order of the Supreme Court, Nassau County (Janowitz, J.), entered August 16, 2013, which, upon a decision of the same court dated July 17, 2013, made after a hearing, awarded sole custody of the parties’ children to the father, and (2) as limited by her brief, from so much of an amended order of the same court entered September 5, 2013, which, upon the decision dated July 17, 2013, reduced her visitation with the parties’ son and did not award her visitation with the parties’ daughter.
Ordered that the order entered August 16, 2013, is affirmed, without costs or disbursements; and it is further,
Ordered that the amended order entered September 5, 2013, is affirmed insofar as appealed from, without costs or disbursements.
In adjudicating custody and visitation rights, the court’s paramount concern is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Felty v Felty, 108 AD3d 705, 706 [2013]; Matter of Haimovici v Haimovici, 73 AD3d 1058, 1058 [2010]). Where, as here, the court has conducted a complete evidentiary hearing on the issues of custody and visitation, its findings must be accorded great weight, and its custody and visitation determination will not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Felty v Felty, 108 AD3d at 707; Matter of Waldron v Dussek, 48 AD3d 471, 472 [2008]). The Supreme Court’s determination that it was in the best interests of the children to award sole custody to the father has a sound and substantial basis in the *989 record and, accordingly, we decline to disturb it (see Matter of Guzman v Pizarro, 102 AD3d 964, 965 [2013]).
Further, contrary to the mother’s contention, the Supreme Court’s determination that therapeutic supervised visitation with the parties’ daughter would not be in the best interests of the child has a sound and substantial basis in the record and likewise should not be disturbed (see Matter of Mera v Rodriguez, 73 AD3d 1069, 1070 [2010]). The Supreme Court properly considered the wishes of the child, who was nearly 14 years old at the time of the hearing and mature enough to express her wishes (see Matter of Mohabir v Singh, 78 AD3d 1056, 1057 [2010]; Matter of Mera v Rodriguez, 73 AD3d at 1070). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the mother any visitation with the daughter.
The mother’s remaining contention is without merit.
Rivera, J.E, Austin, Roman and Hinds-Radix, JJ., concur.