■ In the Matter of JILLIAN A. HARGROVE, Respondent, v SHAWN R. LANGENAU, Appellant. [30 NYS3d 166]—

Appeal from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated December 10, 2014. The order, insofar as appealed from, after a hearing, modified a prior order of custody and visitation so as to direct that the father undergo a sex offender evaluation and follow any and all recommendations, and, until he did so, limited his visitation with the parties' children to day time visitation, up to six hours at a time, either in a public place or supervised by a person approved by the mother.

Ordered that the order is affirmed insofar as appealed from, with costs.

On or about August 3, 2012, the parties entered into an agreement which resulted in a custody order awarding them joint legal custody of their two young daughters, and awarding physical care and control of the children to the mother, subject to the father having physical care and control three out of four weekends and for a period of time each Wednesday. That order was ultimately incorporated into the parties' judgment of divorce with some minor scheduling adjustments.

Thereafter, the mother filed a petition, inter alia, for sole custody and suspending the father's visitation. The mother subsequently filed an amended petition. After a hearing, the Family Court, in the order appealed from, inter alia, directed that the father undergo a sex offender evaluation and follow any and all recommendations, and, until he did so, limited his visitation with the parties' children to day time visitation, up to six hours at a time, either in a public place or supervised by a person approved by the mother. The father appeals.

In order to modify an existing court-ordered custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the children (*see Whitehead v Whitehead*, 122 AD3d 921, 921 [2014]; *Matter of Kortlang v Kortlang*, 92 AD3d 785, 785 [2012]; *Matter of*

*Manzella v Milano*, 82 AD3d 1242, 1242 [2011]). The best interests of the children are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]). Since the Family Court's determination with respect to custody and visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Saldana v Lopresti*, 133 AD3d 669, 670 [2015]; *Matter of Mack v Kass*, 115 AD3d 748, 749 [2014]; *Matter of Skeete v Hamilton*, 78 AD3d 1187, 1188 [2010]).

Here, the Family Court's determination that there had been a change in circumstances such that modification of the prior order of custody and visitation was required to protect the best interests of the children has a sound and substantial basis in the record.

As the mother's cross appeal from the order was previously dismissed, her contention that the order was not restrictive enough has not been considered. Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.