■ In the Matter of TATIANA LEVINGART, Respondent, v ZORY LEVINGART, Appellant. [46 NYS3d 206]—

Appeal by the father from an order of the Supreme Court, Kings County (IDV Part) (Patricia E. Henry, J.), dated June 29, 2015. The order, insofar as appealed from, after a hearing, and upon a decision of that court also dated June 29, 2015, granted the mother's petitions for sole custody of the parties' children and awarded the father visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 2007, and have two children together. They separated in 2011, and in 2012 the mother filed petitions for sole custody of the children. After a hearing, the Supreme Court granted the petitions and awarded sole custody of the children to the mother with visitation to the father. The father appeals.

In adjudicating custody and visitation rights, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Lieberman v Lieberman*, 142 AD3d 1144 [2016]; *Iacono v Iacono*, 117 AD3d 988 [2014]; *Matter of Gooler v Gooler*, 107 AD3d 712 [2013]). The totality of the circumstances includes, but is not limited to, " '(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires' " (*Matter of Klein v Theus*, 143 AD3d 984, 985 [2016], quoting *Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]). "Where, as here, the court has conducted a complete evidentiary hearing on the issues of custody and visitation, its findings must be accorded great weight, and its custody and visitation determination will not be disturbed unless it lacks a sound and substantial basis in the record" (*Iacono v Iacono*, 117 AD3d at 988; *see Matter of Klein v Theus*, 143 AD3d 984 [2016]; *Matter of Sterling v Silva*, 124 AD3d 669 [2015]).

The Supreme Court's determination that it was in the best interests of the children to award sole custody to the mother with visitation to the father has a sound and substantial basis in the record and, accordingly, we decline to disturb it (*see Matter of Quinones v Quinones*, 139 AD3d 1072 [2016]; *Matter of Lawlor v Eder*, 106 AD3d 739, 740 [2013]). Moreover, the visitation schedule ordered by the court provides the father with

meaningful time with the children (*see Matter of Saravia v Godzieba*, 120 AD3d 821 [2014]; *Matter of Patrick v Farris*, 39 AD3d 864 [2007]).

The father's remaining contention is without merit. Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.