Matter of Granzow v Granzow (2019 NY Slip Op 00594)





Matter of Granzow v Granzow


2019 NY Slip Op 00594


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2017-12605
 (Docket No. V-3509-15/16B)

[*1]In the Matter of Flor Granzow, appellant, 
v
Scott Granzow, respondent.


Joseph J. Artrip, Cornwall, NY, for appellant.
Rametta & Rametta, LLC, Goshen, NY (Robert M. Rametta of counsel), for respondent.
Jessica Bacal, Mount Kisco, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated October 6, 2017. The order, after a hearing, denied the mother's petition to modify a prior order of custody and parental access of the same court dated June 30, 2016, so as to direct therapeutic visitation between the mother and the parties' child.
ORDERED that the order dated October 6, 2017, is affirmed, without costs or disbursements.
The mother and the father are the parents of one child, born in 2003. In an order dated June 30, 2016, entered on consent, the father was awarded sole physical custody of the child, with the parties to share joint legal custody. The order provided, inter alia, that "there shall be therapeutic visitation between [the mother] and the minor child as agreed upon by the parties, giving due consideration to the recommendations of the child's therapist and [the mother's] therapist, and consent for such visitation shall not be unreasonably withheld." The order further provided that "in the event such therapeutic visitation does not take place by September 1st, 2016, this shall be deemed a change in circumstances for [the mother] to file a petition for modification."
On October 14, 2016, the mother filed a petition to modify the order dated June 30, 2016. The mother alleged that no therapeutic visitation between herself and the child had occurred, and she sought an order directing the commencement of such therapeutic visitation. The father and the attorney for the child each acknowledged that no therapeutic visitation had occurred between the mother and the child, and each opposed the mother's request to commence therapeutic visitation.
The Family Court conducted a hearing, during which the mother and the child's therapist testified. The court also conducted an in camera interview with the child, who was 14 years old at the time. The court denied the mother's petition, and the mother appeals.
Where modification of an existing order of custody and parental access is sought, the [*2]petitioner must make a showing of a "change in circumstances such that modification is required to protect the best interests of the child" (Matter of Davis v Pignataro, 97 AD3d 677, 678 [internal quotation marks omitted]; accord Matter of Hargrove v Langenau, 138 AD3d 846, 846). The best interests of the child are determined based upon the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Jackson v Wylie-Tunstall, 159 AD3d 821, 822; Matter of Hargrove v Langenau, 138 AD3d at 846-847; Matter of Boggio v Boggio, 96 AD3d 834, 835).
Here, the Family Court's determination that modification of the order dated June 30, 2016, is not required to protect the child's best interests has a sound and substantial basis in the record and, therefore, will not be disturbed (see Matter of Jackson v Wylie-Tunstall, 159 AD3d at 822; accord Matter of Hargrove v Langenau, 138 AD3d at 847; Matter of David V. v Rosalind W., 62 AD3d 717, 717). At the hearing, the child's therapist unequivocally testified that, in her opinion, the child would not benefit from therapeutic visitation with the mother at this time, and the child was clear and consistent in expressing his opposition to any form of parental access with the mother (see Matter of Sassower-Berlin v Berlin, 58 AD3d 635, 636). To the extent that the court relied upon the in camera interview of the then 14-year-old child, it was entitled to place great weight on his expressed wishes (see Matter of Rosenblatt v Rosenblatt, 129 AD3d 1091, 1093; Matter of Nicholas v Nicholas, 107 AD3d 899, 900; Matter of Mera v Rodriguez, 73 AD3d 1069, 1070; Matter of Sassower-Berlin v Berlin, 58 AD3d at 636).
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court