Matter of Alcantara v Garcia (2020 NY Slip Op 01340)





Matter of Alcantara v Garcia


2020 NY Slip Op 01340


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-08727
 (Docket Nos. V-2548-16, V-2549-16)

[*1]In the Matter of Cirilo Alcantara, appellant,
v
Jesucita Garcia, respondent.


Zvi Ostrin, New York, NY, for appellant.
Wendy A. Keegan, Staten Island, NY, attorney for the children (no brief filed).



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated August 9, 2017. The order, without a hearing, dismissed the father's petition for parental access with two of the parties' children.
ORDERED that the order is affirmed, without costs of disbursements.
The father, who is incarcerated, filed a petition seeking parental access with two of the parties' children. In an order dated August 9, 2017, the Family Court dismissed the petition without conducting a hearing. The father appeals.
Parental access "determinations should generally be made after a full evidentiary hearing to ascertain the bests interests of the child[ren]" (Matter of Izquierdo v Santiago, 151 AD3d 967, 968; see S.L. v J.R., 27 NY3d 558, 563). However, this general right is not absolute (see S.L. v J.R., 27 NY3d at 564), and a hearing is not necessary where undisputed facts are before the court (see Matter of Daclin-Goyatton v Cousins, 172 AD3d 1369; Loggia v Verardo, 167 AD3d 612, 613).
Here, the Family Court's determination to dismiss the father's petition was supported by undisputed evidence that it was not in the best interests of the children to grant the father parental access. The court dismissed the father's petition for parental access based on the findings in a prior decision of the Family Court (Karen Wolff, J.) dated October 18, 2013, made after a fact-finding hearing, pursuant to which it was determined that the children were derivatively abused by the father as a result of his sexual abuse of their sister. The Family Court in the instant proceeding also considered the father's criminal conviction for his sexual abuse of that child.
Accordingly, we agree with the Family Court's determination to dismiss the father's petition without a hearing (see Loggia v Verardo, 167 AD3d 612).
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court