Matter of Torres v Corniel (2020 NY Slip Op 05905)





Matter of Torres v Corniel


2020 NY Slip Op 05905


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-01903
 (Docket No. V-1345-13)

[*1]In the Matter of Henry Torres, appellant, 
v
Melissa Corniel, respondent.


Del Atwell, East Hampton, NY, for appellant.
Melissa Corniel, Valley Cottage, NY, respondent pro se.
Christopher T. Widholm, New City, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated December 27, 2018. The order, insofar as appealed from, after a hearing, modified a prior order of parental access of the same court dated September 8, 2016, so as to suspend all in-person and telephone contact between the father and the child.
ORDERED that the order dated December 27, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child, born in 2005. In an order dated September 8, 2016, the Family Court awarded the father, who was incarcerated at the time, parental access with the child once every other month for one hour and directed that the father, with stated limitations, be permitted to write letters and cards to the child, send him gifts, and have telephone contact with him. On December 6, 2017, the father filed a petition to modify the order dated September 8, 2016, so as to award him increased parental access, asserting, inter alia, there had been a change in circumstances in that he had been released from prison on October 26, 2017.
In an order dated December 27, 2018, the Family Court, after a hearing, in effect, denied the father's petition and modified the order dated September 8, 2016, so as to suspend all in-person and telephone contact between the father and the child. In addition, the court directed that the child remain in therapy, that issues regarding parental access be addressed therapeutically, and that the father had the right to file a modification petition as of July 1, 2019, without having to demonstrate any further change in circumstances. The father appeals from so much of the order dated December 27, 2018, as suspended his contact with the child.
The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171). Parental access with a noncustodial parent is presumed to be in the best interests of a child; however, that presumption may be rebutted through a showing, by a preponderance of the evidence, that parental access would be harmful to the child (see Matter of Granger v Misercola, 21 NY3d 86, 92). [*2]Since any determination related to parental access depends upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its credibility findings are generally accorded great deference and its determination will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Kalantarov v Priyeva, 177 AD3d 881, 882; Matter of Fitzgerald v Fitzgerald, 172 AD3d 713, 714).
Here, the Family Court's determination that, at the time of the hearing, parental access would have been detrimental to the child and contrary to his best interests has a sound and substantial basis in the record (see Matter of Fitzgerald v Fitzgerald, 172 AD3d at 714). The determination is supported by, among other things, the report of a court-appointed forensic expert and the testimony of the child's therapist.
The father's remaining contentions are without merit.
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court