Matter of Colon v Roggeman (2021 NY Slip Op 03319)





Matter of Colon v Roggeman


2021 NY Slip Op 03319


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2020-00486
 (Docket No. V-1015-09/18B)

[*1]In the Matter of Hommy Colon, appellant,
v
Caroline Roggeman, respondent.


Kelli M. O'Brien, Goshen, NY, for appellant.
Legal Services of the Hudson Valley, Goshen, NY (Rebecca C. Johnson of counsel), for respondent.
Donna M. Genovese, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), entered December 18, 2019. The order, after a hearing, in effect, denied the father's petition for modification of a prior order of custody and parental access of the same court entered September 17, 2009.
ORDERED that the order entered December 18, 2019, is affirmed, without costs or disbursements.
The mother and father, who were never married, are the parents of the subject child who was born in 2006. Pursuant to an order entered September 17, 2009, the mother was awarded sole legal and physical custody of the child. The father was awarded parental access as agreed to by the parties. In September 2018, the father, who had not seen the child for nine years, filed a petition to modify the order of custody and parental access so as to set forth a specific parental access schedule. A hearing was held in response to the father's petition. The Family Court conducted two in camera interviews with the child, who was almost 14 years old at the conclusion of the hearing.
Following the hearing, the Family Court, in effect, denied the father's petition for modification of the prior order of custody and parental access, finding that "[parental access] in any form would not be in the best interest of the child at the present time and would be detrimental to her welfare." The father appeals.
"Modification of an existing custody or [parental access] arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (Matter of Karen S. v Quinn S., 104 AD3d 951, 951 [internal quotation marks omitted]). The best interests of the child are determined based upon the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Granzow v Granzow, 168 AD3d 1049, 1050). "The determination of [parental access] issues is entrusted to the sound discretion of the trial court, and should not be disturbed on appeal unless it lacks a substantial evidentiary basis in the record" (Matter of Thompson v [*2]Yu-Thompson, 41 AD3d 487, 488). "[A] noncustodial parent should have reasonable rights of [parental access], and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that [parental access] would be detrimental to the child" (Matter of Grisanti v Grisanti, 4 AD3d 471, 473 [internal quotation marks omitted]).
Here, the Family Court's determination that therapeutic supervised parental access would be detrimental to, and not in the best interests of, the child has a sound and substantial basis in the record and should not be disturbed (see Matter of Granzow v Granzow, 168 AD3d at 1050; Iacono v Iacono, 117 AD3d 988, 989; Matter of Mera v Rodriguez, 73 AD3d 1069, 1070). The record demonstrates that the child was between three and four years old when she last saw the father, that at the time of the hearing she had not had any relationship or contact with him for 10 years, during 8 of which he was incarcerated, and that she was adamantly opposed to any parental access. Moreover, the licensed clinical social worker who had met separately with each of the parties and the child in preparation for attempting therapeutic supervised parental access, testified that forcing the child to visit would have a negative effect on her self-esteem. Additionally, although the father had been diagnosed with schizoaffective disorder bipolar type, was mandated by an assisted outpatient treatment order to take medication, and had a history of violence when he failed to take his medication, he maintained that he did not suffer from a mental disorder.
To the extent that the Family Court relied upon the in camera interviews of the almost 14-year-old child, it was entitled to place great weight on the wishes of the child, who was mature enough to express her wishes (see Matter of Granzow v Granzow, 168 AD3d at 1050-1051; Iacono v Iacono, 117 AD3d at 989; Matter of Mera v Rodriguez, 73 AD3d at 1070).
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court