Matter of Khan v Schwartz (2022 NY Slip Op 00175)





Matter of Khan v Schwartz


2022 NY Slip Op 00175


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-11671
 (Docket Nos. V-03207-12/18AA/18AB/18Z, V-03208-12/18AC/18AB/18AD)

[*1]In the Matter of Angela Khan, appellant,
v
Meiyer Schwartz, respondent.


Schulte Roth & Zabel LLP, New York, NY (Andrew Gladstein and New York Legal Assistance Group [Beth Goldman, Rachel Lieb, and Amanda Beltz] of counsel), for appellant.
Eric Ole Thorsen, New City, NY, for respondent.
Nicole Greenwald, New City, NY, attorney for the child C. S.
Christopher Widholm, New City, NY, attorney for the child M. S.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated July 8, 2019. The order, insofar as appealed from, after a hearing, denied that branch of the mother's petition which was to modify the in-person parental access provisions of a prior order of the same court entered September 14, 2017, upon consent, inter alia, awarding sole legal and physical custody of the parties' children to the father.
ORDERED that the appeal from so much of the order dated July 8, 2019, as denied that branch of the mother's petition which was to modify the order entered September 14, 2017, with respect to the child C. S. is dismissed as academic, without costs or disbursements, as that child has reached the age of majority; and it is further,
ORDERED that the order dated July 8, 2019, is affirmed insofar as reviewed, without costs or disbursements.
"'Modification of an existing custody or [parental access] arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child'" (Matter of Colon v Roggeman, 194 AD3d 1042, 1042, quoting Matter of Karen S. v Quinn S., 104 AD3d 951, 951; see Matter of Induddi v Moore, 214 AD2d 616). The best interests of the child are determined based upon the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Jackson v Wylie-Tunstall, 159 AD3d 821, 822). "'[A] noncustodial parent should have reasonable rights of [parental access], and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that [parental access] would be detrimental to the child'" (Matter of Grisanti v Grisanti, 4 AD3d 471, 473, quoting Paul G. v Donna G., 175 AD2d 236, 237). "Since the Family Court's determination with respect to custody and [*2][parental access] depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Hargrove v Langenau, 138 AD3d 846, 847; see Matter of Colon v Roggeman, 194 AD3d 1042; Matter of Thompson v Yu-Thompson, 41 AD3d 487, 488).
Here, the Family Court's determination that therapeutic parental access with the child M. S. would be detrimental to the child has a sound and substantial basis in the record and will not be disturbed (see Matter of Granzow v Granzow, 168 AD3d 1049, 1050; Iacono v Iacono, 117 AD3d 988, 989; Matter of Sassower-Berlin v Berlin, 58 AD3d 635, 636). Contrary to the mother's contention, the court properly considered the testimony of the child's therapist (see Matter of Granzow v Granzow, 168 AD3d at 1050-1051; Matter of Sassower-Berlin v Berlin, 58 AD3d 635, 636), and the express wishes of the then 12-year-old child (see Matter of Rosenblatt v Rosenblatt, 129 AD3d 1091, 1093; Iacono v Iacono, 117 AD3d at 989; Matter of Nicholas v Nicholas, 107 AD3d 899, 900; Matter of Mera v Rodriguez, 73 AD3d 1069, 1070; Matter of Sassower-Berlin v Berlin, 58 AD3d at 636). We note that the court's order does provide that the mother may send correspondence directly to the child M. S.
The mother's remaining contentions are without merit.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court