Matter of Gagos v Delsalto (2023 NY Slip Op 00661)

Matter of Gagos v Delsalto

2023 NY Slip Op 00661

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2022-02361
 (Docket No. V-1959-21)

[*1]In the Matter of Suzette Gagos, respondent,
v
Vinicio L. Delsalto, appellant.

Kelli M. O'Brien, Goshen, NY, for appellant.
Guttridge & Cambareri, P.C., White Plains, NY (A. Albert Buonamici of counsel), for respondent.
The Children's Rights Society, Inc. (Donald M. Card, Jr., Shelter Island, NY, of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated March 1, 2022. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify the custody provisions of the parties' judgment of divorce so as to award her sole legal and physical custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the divorced parents of one child, born in 2008. The parties' judgment of divorce dated September 30, 2013, awarded the parties joint legal custody of the child, with the father to have sole physical custody and the mother to have certain parental access. In May 2021, the mother commenced this proceeding to modify the custody provisions of the judgment of divorce so as to award her sole legal and physical custody of the child. After a hearing, the Family Court, inter alia, granted the mother's petition. The father appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances [such] that modification is required to protect the best interests of the child" (Matter of Fallarino v Ayala, 41 AD3d 714, 714; see Majeed v Majeed, 194 AD3d 916, 917). "The best interests of the child must be determined by a review of the totality of the circumstances" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1167). "Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Kreischer v Perry, 83 AD3d 841, 841; see Pettei v Pettei, 207 AD3d 670, 671). "Since custody determinations turn in large part on assessments of . . . credibility, character, temperament and sincerity of the parties, the court's [*2]determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Lashlee v Lashlee, 161 AD3d 843, 843; see Matter of Langenau v Hargrove, 198 AD3d 650, 651-652).
Contrary to the father's contention, the Family Court's determination to modify the custody provisions of the judgment of divorce so as to award the mother sole legal and physical custody of the child has a sound and substantial basis in the record, based upon, inter alia, the deterioration of the child's relationship with the father (see Matter of Tedesco v Mazzara, 206 AD3d 917, 919; Cook v Cook, 142 AD3d 530, 533). Moreover, the strong preference of the child, who was 13 years old at the time of the hearing, to reside with the mother "should be considered and [was] entitled to great weight, where, as here, the child's age and maturity would make [her] input particularly meaningful" (Cook v Cook, 142 AD3d at 534; see Matter of Coull v Rottman, 131 AD3d 964, 964-965).
The father's remaining contentions either are without merit or do not require reversal.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court