Matter of Romero-Flores v Hernandez (2023 NY Slip Op 01516)

Matter of Romero-Flores v Hernandez

2023 NY Slip Op 01516

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2022-01654
 (Docket No. V-226-19)

[*1]In the Matter of Ricardo Romero-Flores, appellant,
v
Yesica Hernandez, respondent.

Susan A. DeNatale, Bayport, NY, for appellant.
Darla A. Filiberto, Islandia, NY, for respondent.
Thomas W. McNally, Central Islip, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Heather P.S. James, Ct. Atty. Ref.), dated February 7, 2022. The order granted the motion of the attorney for the child, made at the close of the father's case at a hearing, to dismiss the father's petition for parental access with the parties' child, and dismissed the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The father and the mother are the parents of one child. In January 2019, the father, who has been incarcerated since August 2011, filed a petition seeking parental access with the child. At the close of the father's case at a hearing on his petition, the Family Court granted the motion of the attorney for the child to dismiss the petition, and dismissed the petition. The father appeals, and we affirm.
The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171). Parental access with a noncustodial parent is presumed to be in the best interests of the child, even when that parent is incarcerated (see Matter of Granger v Misercola, 21 NY3d 86, 91; Matter of Torres v Corniel, 187 AD3d 1023, 1024). However, the presumption may be overcome upon a showing, by a preponderance of the evidence, that parental access would be "harmful to the child's welfare or not in the child's best interests" (Matter of Cuccia-Terranova v Terranova, 174 AD3d 528, 529 [internal quotation marks omitted]; see Matter of Velasquez v Kattau, 167 AD3d 912, 913). Generally, parental access determinations should be made after a full evidentiary hearing to ascertain the best interests of the child (see S.L. v J.R., 27 NY3d 558, 563; Matter of Alcantara v Garcia, 180 AD3d 1038, 1039). However, this right is not absolute and a hearing is not required where undisputed facts are before the court (see S.L. v J.R., 27 NY3d at 564; Matter of Alcantara v Garcia, 180 AD3d at 1039).
Contrary to the father's contentions, the Family Court did not err in granting the motion of the attorney for the child, made at the close of the father's case, to dismiss the petition, [*2]as the court's determination is supported by undisputed evidence that parental access is not in the child's best interests. The evidence demonstrated that the father has been incarcerated since 2011 for attempted murder and arson. The father had set fire to the mother's vehicle and that fire spread to the mother's family's house. The fire caused the death of the child's uncle and endangered the child as well as the mother, who the father knew were inside the house at the time. Additionally, the child was eight months of age at the time the father was incarcerated, and the father has had no contact with the child since that time. At the time of the hearing, the child was 11 years old and would be more than 18 years of age at the time of the father's earliest release date. Under these circumstances, the court properly granted the motion (see Matter of Derek G. v Alice M., 187 AD3d 465, 465; Matter of Leonard v Pasternack-Walton, 80 AD3d 1081, 1082).
The father's remaining contentions are unpreserved for appellate review and, in any event, without merit.
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court