Matter of Mazo v Volpert (2024 NY Slip Op 00426)

Matter of Mazo v Volpert

2024 NY Slip Op 00426

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-08733
 (Docket Nos. V-15582-18/18A, V-2857-22/22A)

[*1]In the Matter of Oleg Mazo, appellant,
v
Veronica Volpert, respondent. (Proceeding No. 1)
In the Matter of Veronica Volpert, respondent,
v Oleg Mazo, appellant. (Proceeding No. 2)

Austin I. Idehen, Jamaica, NY, for appellant.
Veronica Volpert, Brooklyn, NY, respondent pro se.
Liberty Aldrich, Brooklyn, NY (Louise Feld and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Jamila Cha-Jua-Lee, Ct. Atty. Ref.), dated October 5, 2022. The order, after a hearing, denied the father's petition, in effect, to enforce the parental access provision of the parties' separation and settlement agreement dated July 28, 2015, which was incorporated but not merged into the parties' judgment of divorce dated April 5, 2016, granted the mother's petition, in effect, to modify the parental access provision of the parties' separation and settlement agreement so as to suspend the father's parental access, and conditioned the filing of any future petition by the father to modify his parental access upon his successful completion of a parenting skills class, his enrollment in mental health treatment, and the submission of a letter from his therapist stating that the father would not pose a danger to the child's physical, mental, or moral welfare.
ORDERED that the order is modified, on the law, by deleting the provisions thereof conditioning the filing of any future petition by the father to modify his parental access upon his successful completion of a parenting skills class, his enrollment in mental health treatment, and the submission of a letter from his therapist stating that the father would not pose a danger to the child's physical, mental, or moral welfare; as so modified, the order is affirmed, without costs or disbursements.
The mother and the father have one child together, born in 2007. The parties were divorced by a judgment dated April 5, 2016. The judgment of divorce incorporated but did not merge the terms of a separation and settlement agreement dated July 28, 2015 (hereinafter the settlement agreement), pursuant to which, inter alia, the parties agreed to the mother having sole physical and legal custody of the child and the father having parental access three days a week. In [*2]November 2017, the Family Court issued an order of protection in favor of the mother and the child against the father. Thereafter, the father filed a petition, in effect, to enforce the parental access provision of the settlement agreement. The mother filed a petition, in effect, to modify the parental access provision of the settlement agreement so as to suspend the father's parental access. After a fact-finding hearing, the court denied the father's petition, granted the mother's petition, and conditioned the filing of any future petition by the father to modify his parental access upon his successful completion of a parenting skills class, his enrollment in mental health treatment, and the submission of a letter from his therapist stating that the father would not pose a danger to the child's physical, mental, or moral welfare. The father appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest[s] of the child" (Matter of Walker v Walker-Sterkowicz, 203 AD3d 1165, 1166; see Matter of Handakas v Bardatsos, 215 AD3d 840, 842). "The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Romero-Flores v Hernandez, 214 AD3d 882, 882; see Eschbach v Eschbach, 56 NY2d 167, 171). "Parental access with a noncustodial parent is presumed to be in the best interests of a child; however, that presumption may be rebutted through a showing, by a preponderance of the evidence, that parental access would be harmful to the child" (Matter of Torres v Corniel, 187 AD3d 1023, 1024; see Matter of Romero-Flores v Hernandez, 214 AD3d at 882). "The determination of appropriate parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Walker v Sterkowicz-Walker, 203 AD3d at 1168; see Matter of Colon v Roggeman, 194 AD3d 1042, 1042-1043).
Here, the Family Court's determination that an award of parental access to the father is not in the child's best interests has a sound and substantial basis in the record and will not be disturbed. The deterioration of the child's relationship with the father and the child's strong desire not to spend time with him constituted a sufficient change in circumstances warranting an inquiry into whether modification was necessary to ensure the best interests of the child (see Matter of Shah v Shah, 186 AD3d 1692, 1693). Further, the totality of the circumstances supports the court's determination that it is in the child's best interests to suspend the father's parental access (see Pandis v Lapas, 176 AD3d 837, 840; Matter of Fekete-Markovits v Markovits, 140 AD3d 1061, 1063). The evidence demonstrated that the father came to the child's school unannounced, refused to let the child leave with the mother, and damaged the mother's car. A court-ordered mental health evaluation determined that the father lacked empathy for the child's needs and was unable to understand how his actions negatively impacted the child's mental welfare. Furthermore, although not controlling, the court was entitled to place great weight on the child's wishes due to his age and maturity (see Matter of Cromwell v Arnette, 216 AD3d 775, 776; Matter of Colon v Roggeman, 194 AD3d at 1043; Matter of Miller v Shaw, 160 AD3d 743, 744).
A court deciding a custody proceeding "may properly direct a party to submit to counseling or treatment as a component of a visitation or custody order" (Lajqi v Lajqi, 130 AD3d 687, 688). "However, a court may not direct that a parent undergo counseling or treatment as a condition of future parental access or reapplication for parental access rights" (Matter of Coley v Steiz, 215 AD3d 830, 832; see Matter of Hardy v Hardy, 194 AD3d 1043, 1045). Here, the Family Court erred in conditioning the filing of any future petitions by the father to modify his parental access upon his successful completion of a parenting skills class, his enrollment in mental health treatment, and his submission of a letter from his therapist stating that the father would not pose a danger to the child's mental, physical, or moral welfare. Accordingly, we modify the order so as to eliminate those conditions.
The father's remaining contentions are without merit.
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court