Matter of Nieves v Medina (2024 NY Slip Op 00768)

Matter of Nieves v Medina

2024 NY Slip Op 00768

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-05398
 (Docket No. V-6730-22)

[*1]In the Matter of Jaclyn M. Nieves, respondent,
v
Harry Medina, appellant.

Amy L. Colvin,, Huntington, NY, for appellant.
Carol J. Lewisohn, Woodmere, NY, for respondent.
Leslie S. Lowenstein, Woodmere, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Joy M. Watson, J.), dated May 10, 2023. The order, without a hearing, granted the mother's petition for sole legal and residential custody of the subject child and, in effect, denied the father's oral application for parental access.
ORDERED that the order is affirmed, without costs or disbursements.
"The determination of appropriate parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1167, 1168; see Matter of Colon v Roggeman, 194 AD3d 1042, 1042-1043). Generally, parental access determinations should be made after a full evidentiary hearing to ascertain the best interests of the child (see S.L. v J.R., 27 NY3d 558, 563; Matter of Alcantara v Garcia, 180 AD3d 1038, 1039). However, this right is not absolute and a hearing is not required where undisputed facts are before the court (see S.L. v J.R., 27 NY3d at 564; Matter of Alcantara v Garcia, 180 AD3d at 1039).
Contrary to the father's contention, a hearing was not required under the particular circumstances of this case. It was undisputed that the terms of the father's probation prohibited him from being in the presence of the subject child until 2028. As such, the undisputed facts before the Family Court enabled it, without a hearing, to make a provident determination that it was in the best interests of the child to award sole legal and residential custody to the mother without providing parental access to the father (see Matter of Romero-Flores v Hernandez, 214 AD3d 882, 883).
The father's remaining contentions are without merit.
IANNACCI, J.P., MALTESE, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court