Sagaria v Sagaria (2024 NY Slip Op 01572)

Sagaria v Sagaria

2024 NY Slip Op 01572

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-07838
 (Index No. 8102/13)

[*1]John Sagaria, appellant,
v
Cynthia Sagaria, respondent.

Meth Law Offices, P.C., Chester, NY (Michael D. Meth of counsel), for appellant.
Strauss Kallus Kimple Dumais, PLLC, Goshen, NY (Barbara J. Strauss of counsel), for respondent.
Kelli M. O'Brien, Goshen, NY, attorney for the child.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated December 4, 2020. The judgment of divorce, insofar as appealed from, upon an order of the same court dated September 4, 2020, in effect, granting that branch of the defendant's cross-motion which was to modify the custody and parental access provisions of a prior order of the same court dated January 21, 2015, so as to award her sole legal and physical custody of the parties' child, awarded the defendant sole legal and physical custody of the parties' child, with certain parental access to the plaintiff.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
In October 2013, the plaintiff commenced this action for a divorce and ancillary relief. In an order dated January 21, 2015, upon the consent of the parties, the Supreme Court, inter alia, awarded the parties joint legal custody of and shared parental access with the parties' sole child together (hereinafter the child). Thereafter, the defendant cross-moved, among other things, to modify the custody and parental access provisions of the order dated January 21, 2015, by awarding her sole legal and physical custody of the child. In an order dated September 4, 2020, made after a nonjury trial, the court, inter alia, in effect, granted that branch of the defendant's cross-motion. Subsequently, the court issued a judgment of divorce dated December 4, 2020, which, among other things, awarded the defendant sole legal and physical custody of the child, with certain parental access to the plaintiff. The plaintiff appeals.
In order to modify an existing order of custody or parental access, there must be a showing that there has been a change in circumstances such that modification is necessary to protect the best interests of the child (see Matter of Miller v Shaw, 160 AD3d 743, 744; Matter of Gangi v Sanfratello, 157 AD3d 677, 678; Matter of Hargrove v Langenau, 138 AD3d 846, 846-847). The best interests of the child must be determined by reviewing the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Miller v Shaw, 160 AD3d at 744; Matter of [*2]Gangi v Sanfratello, 157 AD3d at 678; Matter of Hargrove v Langenau, 138 AD3d at 847). Since the Supreme Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Gangi v Sanfratello, 157 AD3d at 678; Matter of Hargrove v Langenau, 138 AD3d at 847). Here, contrary to the plaintiff's contention, the Supreme Court's determination that there had been a change in circumstances warranting modification of the custody and parental access provisions of the order dated January 21, 2015, so as to award the defendant sole legal and physical custody of the child has a sound and substantial basis in the record, and thus, it will not be disturbed (see Matter of Gagos v Delsalto, 213 AD3d 761, 762; Matter of Deondre R. [Annabel R.], 189 AD3d 1252, 1253).
The parties' remaining contentions are either not properly before this Court or without merit.
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.

2020-07838 DECISION & ORDER ON MOTION
John Sagaria, appellant,
v Cynthia Sagaria, respondent.
(Index No. 8102/13)

Appeal from a judgment of divorce of the Supreme Court, Orange County, dated December 4, 2020. Motion by the respondent to dismiss the appeal, inter alia, on the ground that the appellant's brief raises issues that are not properly before the Court. By decision and order on motion of this Court dated June 29, 2022, that branch of the motion which is to dismiss the appeal on the ground that the appellant's brief raises issues that are not properly before the Court was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition and in relation thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that the appellant's brief raises issues that are not properly before the Court is denied.
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court