Matter of Seide v Dickerson (2025 NY Slip Op 04252)

Matter of Seide v Dickerson

2025 NY Slip Op 04252

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-08984
 (Docket Nos. V-8955-22, V-16429-22)

[*1]In the Matter of Margaret Seide, petitioner,
v
James Dickerson, etc., respondent. (Proceeding No. 1.)
In the Matter of James Dickerson, etc., appellant,
v
Margaret Seide, respondent. (Proceeding No. 2.)

Steven N. Feinman, White Plains, NY, for appellant.
Lance K. Dandridge, Jamaica, NY, for respondent in Proceeding No. 2.
David Laniado, Cedarhurst, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated May 1, 2023. The order, insofar as appealed from, after a hearing, denied the father's petition for certain parental access with the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
"'[T]he Family Court has broad discretion in fashioning a remedy in matters of custody and [parental access], with the paramount concern being the best interests of the child'" (Matter of Johnson v Kelly, 193 AD3d 735, 737 [internal quotation marks omitted], quoting Matter of Lew v Lew, 152 AD3d 520, 521). "Absent extraordinary circumstances, where [parental access] would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable [parental access] privileges" (Matter of Franklin v Quinones, 225 AD3d 759, 760 [internal quotation marks omitted]; see Matter of Johnson v Kelly, 193 AD3d at 737). "'Since the Family Court's determination with respect to custody and [parental access] depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record'" (Matter of Khan v Schwartz, 201 AD3d 718, 719, quoting Matter of Hargrove v Langenau, 138 AD3d 846, 847; see Matter of Colon v Roggeman, 194 AD3d 1042, 1042-1043).
Contrary to the father's contentions, the Family Court's determination that the parental access with the child sought by the father would be detrimental to the child has a sound and substantial basis in the record and, thus, will not be disturbed (see Matter of Franklin v Quinones, [*2]225 AD3d at 761; Matter of Khan v Schwartz, 201 AD3d at 719; Matter of Granzow v Granzow, 168 AD3d 1049, 1050-1051).
In light of the foregoing, the father's remaining contention need not be reached.
Accordingly, the Family Court properly denied the father's petition.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court