Matter of Meguira v Smallberg
2026 NY Slip Op 03808
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Rebecca M. Meguira, respondent,
v
Bradley H. Smallberg, appellant. (Proceeding No. 1)
In the Matter of Bradley H. Smallberg, appellant,
Rebecca M. Meguira, respondent. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2023-05797, 2023-05798, (Docket Nos. V-3933-18/18A, V-1815-19/19A)
Mark C. Dillon, J.P.
Paul Wooten
Laurence L. Love
Elena Goldberg Velazquez, JJ.

The Law Offices of Joseph H. Nivin, P.C., Forest Hills, NY, for appellant.
Rebecca Meguira, named herein as Rebecca M. Meguira, Forest Hills, NY, respondent pro se.
Robert E. Silverberg, Forest Hills, NY, attorney for the child.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Queens County (Mildred T. Negron, J.), dated May 26, 2023, and (2) an order of dismissal of the same court also dated May 26, 2023. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify the parties' judgment of divorce so as to award her sole legal custody of the parties' child. The order of dismissal dismissed the father's petition to modify the parties' judgment of divorce so as to award him sole legal and residential custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order of dismissal is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the mother.
The parties, who were married, have one child in common, born in 2012. The parties were divorced by a judgment dated June 30, 2014. The judgment of divorce awarded the parties joint legal custody of the child with residential custody to the mother and parental access to the father. In 2018, the mother filed a petition to modify the custody provisions of the parties' judgment of divorce so as to award her sole legal custody of the child. In 2019, the father filed a petition to modify the custody provisions of the parties' judgment of divorce so as to award him sole legal and residential custody of the child. After a hearing and an in camera interview with the child, the Family Court, inter alia, awarded the mother sole legal custody of the child and dismissed the father's petition. The father appeals.
In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child (see Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166). The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances (see Matter of Cabano v Petrella, 169 AD3d 901, 902). Since the court's determination depends to a great extent upon its assessment of, among other things, the credibility of the witnesses, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Gagos v Delsalto, 213 AD3d 761).
Here, the evidence of the deterioration of the parties' relationship, which made joint decision making untenable, is a change of circumstances warranting a change in the parties' joint legal custody arrangement (see Matter of Pierce v Caputo, 214 AD3d 877, 878-879).
Contrary to the father's contention, the Family Court's determination to modify the judgment of divorce so as to award the mother sole legal custody of the child and maintain the mother's residential custody has a sound and substantial basis in the record (see Matter of Gold v Khalifa, 223 AD3d 803, 805). The evidence presented at the hearing demonstrated, inter alia, that the mother was better suited to promote stability in the child's life and that awarding her sole legal custody and maintaining her residential custody was in the child's best interests (see Matter of Dapp v Shtaynberger, 240 AD3d 891, 892; Matter of Salvati v Salvati, 221 AD2d 541, 543).
The father's remaining contention is unpreserved for appellate review.
DILLON, J.P., WOOTEN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court